[No. 12571. In Bank. — June 1, 1889.]

## J. P. SHARP, APPELLANT, v. S. HOFFMAN ET AL., RESPONDENTS.

RIPARIAN RIGHTS — IRRIGATION — CUSTOM — PRIORITY OF RIGHT. — The question of riparian proprietorship is eliminated from a controversy over the use of water for irrigation between owners of lands crossed by a natural stream, when both owners admit upon the trial that irrigation in the neighborhood of the stream is necessary; that it is the general custom for the farmers in such neighborhood to divert the water for irrigating purposes; and that the defendant, the upper proprietor, had for twenty years used the water for irrigation, leaving only the surplus water to the plaintiff. Under such admissions, the question is one of priority of right; and the plaintiff could not be injured by deprivation of water that he was not entitled to use. It devolves upon the plaintiff to prove a right to use the waters of which he was deprived, and an injury resulting from interference with such rights.

ORDER GRANTING NEW TRIAL — SETTING ASIDE VERDICT — DISCRETION. — The superior court may grant a new trial where, in its opinion, the verdict is contrary to the weight of evidence, and this court will not interfere with its discretion in so doing, except in extreme cases, or where it is apparent that the court below has proceeded upon an erroneous hypothesis.

EVIDENCE — CROSS-EXAMINATION. — It is competent to ask any questions on cross-examination of a witness which have a bearing directly or indirectly upon any portion of his testimony in chief, or which test the credibility,

knowledge, or recollection of the witness with reference thereto; and it is error for which a new trial may be granted to refuse to allow such questions.

INSTRUCTIONS — EXCEPTIONS. — The instructions of the court below to the jury cannot be reviewed on motion for new trial or upon appeal, unless excepted to when given at the trial.

APPEAL — ARGUMENT — REFLECTIONS UPON TRIAL JUDGE. — It is a reprehensible breach of duty for counsel to insert in their briefs in this court any reflections upon the judge of the court below.

APPEAL from an order of the Superior Court of Lassen County granting a new trial.

The facts are stated in the opinion.

*E. V. Spencer*, for Appellant.

To allow the judge of the court below to set aside a verdict upon his opinion of the evidence, where there is a substantial conflict, is practically to take away the right of trial by jury. The constitution guarantees that right. (Const., art. 1, sec. 7, art. 6, sec. 19; so also Code Civ. Proc., secs. 608, 1201.) Where the testimony is conflicting, it has been held that the verdict of the jury ought not to be interfered with. (*Johnson* v. *Pendleton*, 1 Cal. 133; *Perry* v. *Cochran*, 1 Cal. 180; *Muse* v. *Stern*, 82 Va. 33; 3 Am. St. Rep. 77; *Bryant* v. *Carson etc. Co.*, 3 Nev. 313; 93 Am. Dec. 403.) It does not seem fair to presume that the court is always right, and the jury always wrong. The rule recognized in *Bennett* v. *Hobro*, 72 Cal. 178, and *Hook* v. *Hall*, 68 Cal. 23, is unjust, and subversive of the province of the jury. The only rational course is to apply the same rule in cases of jury trial that this court applies to the review of conflicting evidence.

*Goodwin & Davis*, and *W. N. Goodwin*, for Respondents.

GIBSON, C. — Action for damages for wrongful diversion of water; verdict and judgment for plaintiff. Defendants moved for and obtained an order granting a new trial, from which plaintiff appeals. The new trial

was granted upon two grounds: the insufficiency of the evidence to justify the verdict, and of errors of law that occurred at the trial, and which were duly excepted to by defendants.

Both plaintiff and defendants are riparian proprietors on Parker Creek, in Lassen County, the lands of plaintiff lying below those of defendants. The creek is a small natural stream, fed by snow on the mountains at its source, and has, each year, a variable and diminishing flow of from several hundred inches, measured under a four-inch pressure, in the early spring-time, to a small quantity about the 1st of July.

The *gravamen* of plaintiff's action being the deprivation of water for irrigation during the irrigation seasons in the years 1883, 1884, and 1885, whereby he suffered loss, it is incumbent upon him to show by satisfactory evidence (Code Civ. Proc., sec. 1835) a right to use of the waters of the creek during each of such seasons, an interference with such right, and a consequent injury.

Referring to the record upon these points, it appears that during the trial the question of riparian proprietorship was eliminated by an admission, to the effect that during the time both parties claimed that their respective rights to the water were acquired, irrigation in the neighborhood of the farms of plaintiff and defendants was necessary, and that it was the general custom of the farmers in such neighborhood to divert by means of dams and ditches the waters of streams to irrigate their farms; that defendants had for twenty years used all or nearly all of the waters of the stream, and whatever water the plaintiff had obtained prior to 1883 was surplus water, or what water was left after defendant's ditches were supplied; that for the three irrigating seasons that he, plaintiff, received no water, and during which seasons the water supply was low and insufficient for the usual requirements of defendants, he made no complaint, offering as an excuse for his silence, which is

an immaterial one, that he had theretofore been told by one of the defendants that such defendant with his co-defendant had purchased the water right for themselves, and that he, plaintiff, believed and was deceived by such statement.   If the plaintiff was and is entitled to the use of the surplus water of the stream only, which we do not decide, and during the seasons complained of the water was insufficient for the customary use of defendants who had a prior right to use it, the plaintiff could not have been injured by deprivation of water that he was not entitled to use.

Under such a showing, the court below might well say, as it did, in deciding the motion for a new trial: "I am thoroughly convinced that the weight or preponderance of evidence is clearly against the justness and correctness of the verdict, and the same not only should but must be set aside."

Appellant contends that while a trial court may grant a new trial for insufficiency of the evidence to support the verdict, it cannot grant such a motion upon the ground stated by the trial court in this case; but it is well settled that "it is within the province of the superior court to grant a new trial where in its opinion the verdict is contrary to the weight of evidence. (*Bauder* v. *Tyrrell*, 59 Cal. 99; *Irving* v. *Cunningham*, 58 Cal. 306.) And this court will not interfere with its discretion in so doing, except in extreme cases, or except in cases where it is apparent the court below has proceeded upon an erroneous hypothesis." (*Bennett* v. *Hobro*, 72 Cal. 178.)

On cross-examination, the witness Fry, called for plaintiff, was asked:

"You stated in your direct examination that when you went there Thompson (through whom plaintiff deraigns title) claimed half of the water in Parker Creek. Now, do you recollect, in talking about this water matter

at the time you lived there, of Mr. Thompson telling you about selling Mr. Hoffman the water of his place?" "Objected to as not in cross-examination. Objection sustained. Defendants except."

The cross-question of witness Jellison, also called for plaintiff, was asked: " You say you know where the water crossed the lane near Buntingville. Now, was it not because it did cross the road there and wash sand on Sharp (plaintiff) that gave rise to this dispute?" "Objected to by plaintiff as immaterial and not in cross-examination. Objection sustained. Defendants except."

The object of cross-examination is to test the credibility, knowledge, and recollection of a witness as to his testimony on direct examination. (Greenl. Ev., sec. 446.) And a witness can be, on cross-examination, interrogated as to any matter which has a bearing directly or indirectly upon any portion of his testimony on direct examination. (Code Civ. Proc., sec. 2048.)

The testimony sought to be elicited from witness Fry tended to test his recollection as to the character and extent of the claim of plaintiff's predecessor in interest to the water right in dispute, and that from witness Jellison, to test his knowledge of his direct testimony and his credibility as a witness, and should have been allowed.

To repel the assault made upon the instructions to the jury, it is sufficient to say that a careful examination of the transcript, which is so arranged as to prevent an expeditious examination of it, fails to show that the instructions to the jury, or any of them, were excepted to.

The charge of a court to a jury is a decision made by the court during the trial that the law thus declared must be applied by the jury to the facts established by the evidence; and such decision, to be reviewable upon a motion for a new trial, or upon appeal, must be excepted to when it is made. (Code Civ. Proc., sec. 646.)

The explanation of appellant's counsel of his reflection

in his brief upon the trial judge is hardly sufficient. We can easily conceive of a case where counsel, in the heat of argument, during the excitement incident to a trial, might exceed the bounds of propriety and be excusable, but find it more difficult when counsel, after the excitement of the trial has passed, and the asperities it may have engendered been smoothed by the hand of time, deliberately, in the quietute of his chambers, pens in his brief that which is a reprehensible breach of the duty he owes to the court and has sworn to perform.

We think the order appealed from ought to be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order is affirmed.