In the Matter of MARY JORDAN, Appellant, against ALFRED R. LOOS et al., Individually and Constituting the Board of Parole of the State of New York, Respondents.— Appeal by petitioner from an order of the Supreme Court, Albany County Special Term, denying her petition for an order pursuant to article 78 of the Civil Practice Act requiring the respondents to make public certain parole records. Order unanimously affirmed, without costs, on the opinion of Mr. Justice BOOKSTEIN at Special Term (204 Misc. 814). Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLAUDE STUART JESTER, Appellant.— Appeal from an order of the Schoharie County Court, entered December 21, 1953, which denied defendant's motion for a hearing upon an application for a writ of error *coram nobis*. Defendant was indicted for the crime of forgery, second degree. He asserts that he did not enter any plea to this indictment. The minutes of the clerk of the court show that he was arraigned thereon on December 5, 1949, was represented by counsel, and entered a plea of not guilty. Upon consent the matter was adjourned to December 12, 1949, when defendant again appeared and was represented by counsel, and the matter was again adjourned to December 19, 1949. On the latter date the defendant appeared and was represented by counsel. On that date the minutes show: " He withdrew a former plea of not guilty and plead Guilty to Forgery 2nd Degree," and " Statistical statement taken by the Clerk." The statistical statement, certified by the clerk as a part of his minutes, recites that the defendant, upon examination under oath, among other things, in answer to the question " Have you any legal cause to show why the sentence of the Court should not now be pronounced upon you? ", replied " No ". This constitutes the only essential record of the plea. (Code Crim. Pro., §§ 333, 334.) This official record conclusively demonstrates that there is no reasonable probability at all that the defendant's averments are true. (*People* v. *Guariglia*, 303 N. Y. 338.) Order unanimously affirmed. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.