In the Matter of NEW YORK POST CORPORATION, Appellant, against SAMUEL S. LEIBOWITZ, as a Judge of the County Court, Kings County, et al., Respondents.

Second Department, December 19, 1955.

*M. Marvin Berger* for appellant.

*Harold W. Wolfram* for Samuel S. Leibowitz, as a judge of the Kings County Court, respondent.

*Samuel Bader* for Sidney Strimpel, as a stenographer of the Kings County Court, respondent.

*Harold L. Cross* for American Society of Newspaper Editors, *amicus curiæ*.

*E. Douglas Hamilton* for New York Herald Tribune, Inc., *amicus curiæ*.

*Robert Daru* for New York Criminal and Civil Courts Bar Association, *amicus curiæ*.

*James W. Rodgers, Andrew L. Hughes* and *John R. McIntosh* for News Syndicate Co., Inc., *amicus curiæ*.

BELDOCK, J.   Respondent Leibowitz is a Judge of the County Court of Kings County.   Respondent Strimpel is an official stenographer in that court.

In April, 1955, one Surrey, a New York City policeman, was being tried before respondent Leibowitz and a jury on a charge of first degree manslaughter as the result of the killing of a

fifteen-year-old boy. The public and the press, including appellant, were admitted to the trial. The case received considerable publicity. On April 28, 1955, respondent Leibowitz delivered his charge to the jury and Surrey was thereafter acquitted. The next day appellant requested from respondent Strimpel a transcript of the charge to the jury, for which appellant promised to pay. It is claimed that respondent Strimpel was willing to deliver the transcript, but that he was instructed by respondent Leibowitz not to do so. As a result of this alleged direction by respondent Leibowitz to respondent Strimpel, appellant apparently published an editorial that respondent Leibowitz had suppressed a document (i.e., his charge to the jury).

By letter dated May 3, 1955, appellant requested permission of respondent Leibowitz to obtain the charge. On May 4, 1955, the latter replied by letter that appellant had no right under any statute to the transcript of the charge, that the stenographer had no authority to furnish appellant with a transcript and, therefore, it would be illegal for him (respondent Leibowitz) to compel the stenographer to do so. Thereafter appellant requested from respondent Strimpel a transcript of the charge, on payment of the necessary fee, but the request was declined. It is further alleged that respondent Leibowitz continues to forbid respondent Strimpel from complying with appellant's demand.

In this proceeding pursuant to article 78 of the Civil Practice Act, appellant moved for an order seeking relief in the nature of mandamus to compel respondent Strimpel to furnish the transcript on payment of his fee and in the nature of prohibition to restrain respondent Leibowitz from forbidding respondent Strimpel to furnish said transcript.

Without interposing any answer, both respondents cross-moved to dismiss the petition, which motions were granted by the order from which the appeal is taken.

In *People* v. *Jelke* (308 N. Y. 56) and *Matter of United Press Assns.* v. *Valente* (308 N. Y. 71), the Trial Judge made an order (1) excluding the general public and press from the courtroom during part of the People's case, and (2) restraining the official stenographer from delivering copies of the minutes to anyone, except the defendant and the District Attorney, without the permission of the court. The Court of Appeals, by a divided court, held that (a) the press associations and newspaper publishers had the right to sue for enforcement of the right to attend the trial, but that (b) the application to restrain the Trial Judge from carrying out the order of exclusion was properly denied. There the argument was confined solely to the right of

access to the trial. Here the press had access to the trial, and the argument is directed solely to the alleged oral restraint on the stenographer to deliver a copy of the transcript of the charge to appellant without permission of the court.

Appellant has authority to maintain this proceeding. Any citizen or resident of this State may present to the courts a petition for the enforcement by officials of their mandatory duties. (*Matter of Andresen* v. *Rice*, 277 N. Y. 271, 281; see, also, *Matter of United Press Assns.* v. *Valente, supra.*)

However, mandamus to compel the performance of an official duty is issued only when there is a clear legal right thereto. (*Matter of Pruzan* v. *Valentine*, 282 N. Y. 498, 501.) In our opinion, mandamus may not issue in this case because appellant does not have the right to compel respondent Strimpel to transcribe his notes or to deliver the transcript to it. A court stenographer is required to transcribe his notes only where a judge of the court so directs (Judiciary Law, §§ 299, 301), or where a convicted defendant in a criminal cause serves a notice of appeal (Code Crim. Pro., § 456), or where a person entitled by law so requests (Judiciary Law, § 301). The only persons entitled by law to make such a request are defined in the statute as (a) a party in a civil or criminal cause (Judiciary Law, §§ 300, 302), including a District Attorney and the Attorney-General; (b) the attorney for a party in a civil cause (Judiciary Law, § 302). Appellant does not fall within any of these categories and, therefore, is not a person entitled by law to a copy of the requested transcript.

Where a court stenographer is not required to transcribe his notes, he may be required to file his original stenographic notes by the court or a judge. (Judiciary Law, §§ 13, 296.) If not so ordered to file his notes, the court stenographer must preserve them for two years after the trial. (Judiciary Law, § 297.) When the original stenographic notes are filed with the clerk of the court pursuant to order (Judiciary Law, §§ 13, 296), or where the transcript is filed with the clerk of the court after a convicted defendant in a criminal cause serves a notice of appeal (Code Crim. Pro., § 456), the notes in the one instance and the transcript in the other become public records to which all persons are entitled to access (Public Officers Law, § 66), irrespective of their motive or interest (*People ex rel. German-American Loan & Trust Co.* v. *Richards*, 99 N. Y. 620). Where, as here, there has been no order directing the filing of the original stenographic notes and no conviction of, and appeal by, a defendant in a criminal cause, neither the stenographic notes nor the transcript partake of the nature of a public record to

which the public is entitled to have access, because the stenographer does not have custody of his notes " in a public office " (Public Officers Law, § 66), nor does writing out at length in words the meaning of the stenographic symbols fall within the definition of the word transcript as used in the latter statute. (Cf. *People ex rel. Woodill* v. *Fosdick,* 141 App. Div. 450.) Section 292 of the Judiciary Law, which makes the original stenographic notes part of the proceedings in the cause, does not make the notes a public record. The purpose of that section is to permit the notes to be used as part of the judge's minutes, e.g., when a motion is made for a new trial. (See Rules Civ. Prac., rule 223; *Harman* v. *Helvering,* 90 F. 2d 622, certiorari denied 303 U. S. 650.)

It is claimed that a charge to a jury is a decision made by the court during the trial. (*Sharp* v. *Hoffman,* 79 Cal. 404.) It is the declared public policy of this State that all judicial opinions and decisions shall be free for publication by any person. (N. Y. Const., art. VI, § 22.) This provision means that the Legislature may not enact, nor may a court rule, that judicial opinions or decisions may be suppressed or kept from the knowledge of the public, or free access thereto by all persons restricted in any way. (See *Nash* v. *Lathrop,* 142 Mass. 29.)

Assuming that the charge to the jury is an " opinion " or a " decision ", it was made in open court, to which the public and the press had free access. We find no authority for the contention that the constitutional provision was intended to apply to opinions not filed, nor required to be filed, in the office of the clerk of the court.

It is not necessary to express an opinion on the constitutional questions raised by *amici curiæ*. If freedom of speech or of the press was not embraced within the constitutional provision guaranteeing those freedoms when the newspapers demanded the right of access to a criminal trial (*Matter of United Press Assns.* v. *Valente,* 308 N. Y. 71, 77, *supra*), it cannot be involved where the press demands a right of access to stenographic notes taken during a criminal trial or a transcript of part thereof. Furthermore, the members of the press were given access to the trial, including the charge to the jury, and were actually present thereat.

Even though appellant is not presently entitled by law to access to the stenographic notes or to a transcript thereof, the notes may be the subject of subpœna, whenever material in any action or proceeding, whether or not appellant has any interest in the notes or in the original cause during which they

were taken, and regardless of the right of the public to examine them. (*Ex Parte Uppercu,* 239 U. S. 435, 440.)

We know of no statute or rule, and none has been called to our attention, which would prohibit respondent Strimpel from delivering the transcript to appellant or to any other person requesting it. In our opinion, respondent Strimpel would not have violated any law had he done so. Our holding is that appellant did not show a clear legal right to compel respondent Strimpel to furnish the transcript and, therefore, mandamus against him was properly denied.

Nor may a writ of prohibition issue against respondent Leibowitz. Prohibition is a remedy employed to restrain the exercise of a judicial or quasi-judicial function without or in excess of jurisdiction. (Civ. Prac. Act, § 1284, subds. 1, 4; *Matter of Culver Contr. Corp.* v. *Humphrey,* 268 N. Y. 26, 39.) It does not apply to administrative functions, even when performed by a court or judge. In our opinion, when respondent Leibowitz allegedly gave the direction forbidding respondent Strimpel from delivering the transcript to appellant and when he allegedly continues to forbid respondent Strimpel so to do (which allegation is not denied), he was acting in an administrative and not in a judicial capacity. The cause before him had been completed. The making and delivery of the transcript constituted a private, and not a governmental, service on the part of respondent Strimpel. (*Harman* v. *Helvering, supra;* *Booth* v. *City of New York,* 268 App. Div. 502, affd. 296 N. Y. 573.) The alleged direction by respondent Leibowitz did not have either a judicial or quasi-judicial function.

To permit widespread reporting by the press of what goes on in the courts, whether by access to the actual trial or to the transcript of all or any part of the stenographic minutes of the proceedings, is of substantial value. By providing a contemporaneous review in the forum of public opinion, it may prove a potent force in the effective restraint of possible abuse of judicial power. (*People* v. *Jelke,* 308 N. Y. 56, 67, *supra;* *Matter of Oliver,* 333 U. S. 257, 270.) It permits the public to judge whether our system of criminal justice is fair and right. (*Maryland* v. *Baltimore Radio Show,* 338 U. S. 912, 930.) It prevents the judiciary from suppressing, editing, or censoring events which transpire in proceedings before the courts. (*Craig* v. *Harney,* 331 U. S. 367, 374.) It permits the public to know how their servants conduct the public's business. (*State* v. *Keeler,* 52 Mont. 205, 218.) However, we are not permitted in this proceeding to review the exercise of discretion by respondent Leibowitz in giving the direction he is alleged to

have given. We are concerned only with the question of power to issue a writ of prohibition. In our opinion, we have no such power in this case.

The order should be affirmed, without costs.

Present: WENZEL, Acting P. J., MacCRATE, BELDOCK, MURPHY and UGHETTA, JJ.

Order unanimously affirmed, without costs.