W. Vincent Grady, Acting County Judge.
The Honorable John R. Schwartz, incumbent Dutchess County Judge has disqualified himself in the within matter and has designated the Surrogate of Dutchess County to act pursuant to the provisions of section 73-a of the Civil Practice Act and section 44 of the-Code of Criminal Procedure.
Application in the nature of a writ of error coram nobis has been made by John Louty, who is presently confined in Auburn State prison, at Auburn, New York, under a sentence of this court, dated May 11, 1956, for a term of one to three years for the crime of sodomy in the second degree. Petitioner requests that he be produced for a hearing on the issues involved and that his judgment of conviction be vacated and annulled or that his sentence be reduced. Petitioner alleges that at a conference of the County Judge, District Attorney and counsel representing defendant that it was specifically agreed that if he pleaded guilty to one of the counts in the indictment, defendant would receive a sentence whereby on good behavior ha would have to actually serve one year in prison, and petitioner further claims that he agreed to plead to sodomy in the second degree solely in reliance upon that assurance that he would only have to serve one year in prison. It is claimed that this application is, material to the defendant in that he has served more than one year and the parole board has failed to approve his release although good conduct in prison is claimed by defendant. He submits affidavits of his trial attorney and others with his application.
The District Attorney, on the other hand denies that the defendant was promised a definite one-year term, but rather that defendant’s attorneys were informed that defendant would have to serve at least one year of his one- to three-year sentence, and his release then would depend on the parole board. The District Attorney has submitted affidavits including one of the. County Judge, to substantiate his argument.
*490 However, no record was made of the conference covering the plea and sentence and it becomes a question of fact as to the substance thereof.
Therefore, the court believes that the defendant is entitled to a hearing on the issues of fact under the authority of the Court of Appeals case of People v. Richetti (302 N. T. 290) wherein it was held: “ The coram nobis type motion has been held, under due process, the appropriate corrective judicial procedure to remedy an alleged wrong. One swearing to allegations of such wrong and not conclusively refuted by unquestionable documentary proof contra must have a trial in open court if he wants one. ’ ’ It was further held that: ‘ ‘ The traditional rule allowing the party accused to appear and defend in person and with counsel and to be confronted with the witnesses against him is stated in the State Constitution (art. I, § 6).”
A hearing date should be set and the defendant should be produced at said hearing.
Submit order accordingly.