W. Vincent Grady, J.
The above-entitled matter has been referred to this court by an order to show cause issued by Mr. Justice James W. Bailey, one of the Justices of the Supreme Court of the Ninth Judicial District, under date of April 30,1958. By the terms of said order, John Louty, a prisoner now confined in State prison under a conviction in this court, is directed, by his counsel, Henry Hirschberg, to show cause at a term of the County Court on the 6th Day of May, 1958, why an order should not be granted vacating a subpoena duces tecum, heretofore served on the Commissioner of the Board of Parole, requiring the production of certain records of the Board of Parole at a hearing in this court on May 12,1958, on an application by said prisoner for a writ of error coram nobis, concerning his conviction of sodomy in the second degree on May 11,1956.
By the further terms of said order, all proceedings in the coram nobis application are stayed until a determination is made on the vacation of said subpoena duces tecum.
On May 6, 1958, Manuel T. Murcia, assistant attorney-general of the State of New York, appeared for petitioner, the Commissioner of Division of Parole, with Eugene F. Frink, assistant district attorney of Dutchess County, assisting, and Henry Hirschberg, of Newburgh, New York, appeared for the prisoner respondent John Louty.
After hearing the oral arguments of respective counsel, and after reading the affidavits submitted and after due deliberation thereon, the court decides and finds as follows:
It appears that the prisoner John Louty was sentenced to a term of one to three years in State prison on his plea of guilty to sodomy in the second degree on May 11,1956.
It is the prisoner’s contention in his writ of error coram nobis that he would not have pleaded guilty if the County Judge, Hon. John R. Schwartz, and the District Attorney, Raymond C. Baratía, had not assured him that he would be released from prison in one year if he had good conduct while serving his term. The County Judge and the District Attorney deny any promises to or on behalf of said prisoner.
A hearing of the writ is scheduled for May 12, 1958, at 11:00 a.m. (See People v. Louty, 10 Misc 2d 488).
*148 The prisoner claims that the matters covered by the subpoena duces tecum, served on the Parole Board, are material and necessary to the proof to be offered by him on' said hearing, especially: The fact of the denial of parole of John Louty, by said board, the record of the conduct of said prisoner while in prison, and the contents of a letter alleged to have been written to said Parole Board by County Judge Schwartz, recommending parole.
The question of the confidential nature of Parole Board records and files, is not new. The Attorney-General cites Matter of Jordan v. Loos (204 Misc. 814, affd. 283 App. Div. 983).
In that case, Mr. Justice Booksteih stated at page 817: ‘1 Section 211 of the Correction Law deals with pre-parole records and section 221 thereof deals with records of prisoners released on parole. There is no provision respecting privacy of the records in section 211, but section 221 authorizes the board to make rules . respecting the privacy of records; and the Board of Parole adopted rule 23 pursuant to the authority of section 221, ’ ’ which states: “All records of the board of parole and documents, papers, reports, files and other matter in its custody shall be deemed confidential, for the sole use of the board, its officers and employees, in the performance of their duties, and shall not be open to public inspection. ’ ’
Mr. Justice Bookstein further stated that petitioner claims a distinction between pre-parole records and the records of prisoners actually released on parole. But the learned jurist in answer to that argument stated, at page 817: ‘ ‘ Clearly, the preparóle records of a convict become a part of the final record of such convict, if and when he is released on parole. If petitioner’s contention is sound, we would have the anomalous situation of records which finally become cloaked with privacy when a prisoner is released on parole which records would have been public property prior to the moment when a release on parole is granted. The very purpose of section 221 would then be completely defeated. There can have been no legislative intent to create such an anomaly. ’ ’
Then at page 818, he continued: “It is uncontroverted that since the institution of the parole system in this State in 1876, the records of the Parole Board have always been regarded as confidential. This has been true regardless of which political party was entrusted with the administration of the Government of our State.”
In the Jordan case, the court further held: “ This court construes such language, [of § 211} in the light of the knowledge of *149 the public policy of this State, as a legislative intent that the pre-parole records shall be available to the State Board of Parole only and to no one else, so as to be available only to it when parole of a prisoner is being considered. • As to what parts of the record shall be available to the public after the parole of a prisoner, the Legislature has conferred upon the Board of Parole the discretion to determine.”
Although in the Jordan case (supra) petitioner was not an aggrieved party and had no personal interest in the seeking of the order of mandamus, while in the instant case, the prisoner John Louty seeks his own records held by the Parole Board for use on a writ of error coram nobis, yet the fundamental legal precept remains the same and there is no ground for making an exception in this instance.
This court concurs with the conclusion of Mr. Justice Book-stein in the Jordan case, when he stated: both the public policy of New York and legislative intent, as expressed in statute would seem to require denial of this application. ’ ’
Petition granted to vacate subpoena duces tecum.
Submit order.