W. Vincent Grady, J.
The incumbent County Judge John R. Schwartz, has disqualified himself and has transferred the matter to the Surrogate as acting County Judge, pursuant to section 44 of the Code of Criminal Procedure.
This is an application in the nature of coram nobis to vacate and annul the defendant’s judgment of conviction in this court of sodomy in the second degree, on May 11,1956, whereby he was sentenced to Sing Sing prison for an indeterminate term, the minimum of which was one year and maximum three years.
In his motion papers, defendant claimed that it had been agreed, that if he pleaded guilty to one of the 11 counts in the Dutchess County Supreme Court indictment dated December 13, 1955, he would receive a sentence whereby on good behavior he would have to serve only one year in prison, and that he agreed to plead guilty solely in reliance on that assurance, but that he has now served more than one year and the Parole Board has notified him that he will have to serve the maximum even though he claims good conduct in prison.
The case revolves around a conference during the trial of defendant, at which there were present the presiding Judge, Honorable John R. Schwartz; the District Attorney, Honorable Raymond C. Baratía; the defendant’s attorneys, Alexander Goldberg and Edward A. Miller; and a brother of defendant, named James Louty. Defendant John Louty was not present at said conference.
*264 No record was kept of the discussion at said conference and this court previously granted defendant a hearing of the issues (see People v. Louty, 10 Misc 2d 488).
At the hearing, County Judge Schwartz denied that he had promised defendant’s attorneys a definite one-year term and stated that he had never discussed the sentence with the defendant. He stated that a discussion was had in chambers, as to the time defendant would have to serve and it was agreed that the sentence would have to be an indeterminate one with a minimum and a maximum, and that the minimum would be one year. Judge Schwartz stated that he had never assured the defendant or his attorneys that the defendant would be out in one year.
Judge Schwartz also identified a copy of a letter which he had written and which was sent to the Parole Board by defendant’s attorneys, wherein he stated:
COUNTY COURT CHAMBERS
DUTCHESS COUNTY
POUGHKEEPSIE, N. Y.
March 12, 1957
Hon. Lee B. Mailler, Chairman Board of Parole,
Executive Department Albany, New York
Re: John Louty, #54552
Dear Sir:
On May 11, 1956, the above-named pleaded guilty to the County Court of Dutchess County to the crime of Sodomy in the Second Degree, and was sentenced by the undersigned to serve a term in Sing Sing Prison of not less than one nor more than three years. The then attorney and family of the above named, have informed me that the defendant has recently been transferred to Auburn Prison, and possibly will not be released at the termination of his minimum sentence, although they told him that he has in nowise violated or infringed the rules of the prison.
Although I am quite cognizant of the fact that whether or not any defendant sentenced to a State institution, his release at the expiration of his minimum sentence rests entirely in the discretion of your Board, nevertheless, I did sentence this Defendant with the thought in mind that he would be released provided he complied with the rules and was a satisfactory prisoner, at the expiration of one year. It is with this thought in mind that the defendant and his counsel claim that they entered their plea of guilty.
I ask that this be given consideration in the case of this Defendant.
Very truly yours,
JOHN R. SCHWARTZ,
JRS/v Dutchess County Judge.
District Attorney Raymond C. Baratía testified substantially the same as Judge Schwartz, that no assurances had been made to anyone either by him, or Judge Schwartz in -his presence, *265 that defendant, on a plea of guilty, would serve only one year in State prison.
Alexander Goldberg, one of the attorneys for the defendant on the trial, testified that he had been present with Judge Schwartz and the District Attorney at the conference when a plea was discussed for his client. He stated that most of the discussion concerned a county jail sentence, and when that was refused, he attempted to secure the minimum in State prison. He stated that a one-year minimum was agreed on with a maximum of three years. It was also discussed that the Parole Board would release defendant in one year on good behavior. Mr. Goldberg stated that he then left the conference and conveyed the substance of the discussion at the conference to defendant. It was then that defendant agreed to plead guilty.
James Louty, a brother of the defendant, who was present at the conference, remembers only that a one-year minimum was agreed upon.
Defendant John Louty stated that he has been on good conduct in prison and that he has received notice from the Parole Board that he must serve the maximum of his sentence.
He stated that he was not present at the conference during his trial but that he overheard Judge Schwartz through a closed door state that if Louty pleaded guilty he would have to serve only one year in prison. The defendant also testified that he would not have pleaded guilty if he knew he had to serve more than one year in prison.
A sister of defendant, Lorrice Bolde testified of talking with Judge Schwartz after the plea had been entered and he told her that her brother would have to serve one year and did not mention “ good behavior.”
From this testimony, the court concludes that Judge Schwartz, District Attorney Baratía and defense attorney Goldberg were in agreement on the proposed sentence of one to three years. It further appears that Mr. Goldberg conveyed the information to his client.
However, it is understandable that the defendant and his brother were confused by the legal terminology of a minim-nm and a maximum sentence, with credit for good behavior, and were concerned solely in the one year mentioned.
Yet, every defendant in like position must rely on the advice of his attorney and in so doing by pleading guilty he selects his fate, and under our present law, places the question of the minimum sentence in the hands of the Parole Board.
The proposals by defendant, to take the matter out of the hands of the Parole Board by setting aside the sentence or *266 reducing it to the time already served, lack the affirmative support of County Judge Schwartz and District Attorney Baratía, without which this court is reluctant to change the sentence.
Having heard the testimony, having read the memoranda submitted, and having had due deliberation thereon, the court decides and finds as follows:
Motion in the nature of a writ of error coram nobis denied and application dismissed.
Submit order accordingly.