dissents in the following memorandum as follows: I would reverse the order dismissing the first cause of action as barred by the Statute of Frauds because, in my opinion, there were sufficient facts presented by plaintiff to entitle him to a trial of the issue of the existence of an enforcible employment agreement. There are triable issues not only as to the nature of plaintiff's contract, but also as to whether the writings in the case at bar, taken in connection with oral testimony, which may be offered, can satisfy the Statute of Frauds. (See *Crabtree* v. *Elizabeth Arden Sales Corp.*, 305 N. Y. 48.) [22 Misc 2d 753.]

■ In the Matter of GRAND JURY ASSOCIATION OF NEW YORK COUNTY, INC., Petitioner, against MITCHELL D. SCHWEITZER, a Judge of the Court of General Sessions of New York County, Respondent.— Petitioner's application is denied and the respondent's cross motion to dismiss the petition is granted without costs. The petitioner seeks an order directing the respondent Judge of the Court of General Sessions to accept and file a report of the Third September 1958 Grand Jury of New York County. Some of us have grave doubt as to whether the petitioner has standing to bring this proceeding. However, there appears to be authority to support the petitioner's contention that it has (*Matter of Andresen* v. *Rice*, 277 N. Y. 271; *Matter of New York Post Corp.* v. *Liebowitz*, 286 App. Div. 760, revd. on other grounds 2 N Y 2d 677; *Matter of Kornbluth* v. *Rice*, 250 App. Div. 654, affd. 275 N. Y. 597). Whether the petitioner has or has not the right to maintain a proceeding of this nature, we conclude that the relief sought must be denied. Before mandamus will issue the petitioner must demonstrate a clear legal right thereto (*Matter of Pruzan* v. *Valentine*, 282 N. Y. 498). We hold that the petitioner has here failed to make such demonstration. There is no statutory mandate requiring the respondent to accept and file the proffered report. To the contrary, the constitutional provision pertaining to Grand Juries (art. I, § 6) and the pertinent sections of the Code of Criminal Procedure (§§ 223, 245, 252, 253) seem to negative the existence of any such duty. Significant is the failure to list the power to report among those powers expressly given to the Grand Jury, except perhaps as to public officers and public prisons. Moreover, while the petitioner falls short in its attempt to demonstrate subsisting common-law reportorial powers of the Grand Jury, it in no manner demonstrates where, if indeed there were such powers, they carry with them a corresponding obligation on the part of the court to accept and file such reports. In any event, mandamus being an extraordinary remedy whose issuance is in large part a matter of discretion (*Matter of Andresen* v. *Rice, supra*), we find the circumstances here present such as would impel us to exercise our discretion against the granting of the relief sought. Concur — Breitel, J. P., Rabin, Valente and Bergan, JJ.

■ In the Matter of GRAND JURY ASSOCIATION OF NEW YORK COUNTY, INC., against MITCHELL D. SCHWEITZER, a Judge of the Court of General Sessions of New York County.— Motion for leave to intervene denied, in view of the determination of this court in *Matter of Grand Jury Assn.* v. *Schweitzer* (11 A D 2d 761). Concur — Breitel, J. P., Rabin, Stevens and Bastow, JJ.

■ ESSO STANDARD OIL COMPANY v. LUNCO, INC., et al.— Motion for leave to reargue appeal or for leave to appeal to the Court of Appeals denied, with $10 costs. Concur — Botein, P. J., Breitel, McNally, Stevens and Noonan, JJ.

■ In the Matter of LOUIS TOBIN against WILLIAM S. HULTS, as Commissioner of the Bureau of Motor Vehicles of the State of New York.— Motion for leave to appeal to the Court of Appeals denied, with $10 costs. Concur — Botein, P. J., Rabin, Valente, McNally and Bastow, JJ.

■ GERALD GOODMAN et al. v. SOLOMON SUROWITZ.— Application denied, with $10 costs. Concur — Botein, P. J., Breitel, McNally and Stevens, JJ.