Simon J. Liebowitz, J.
By this article 78. proceeding petitioner, a tenant in the respondent New York City Housing Authority’s Gerald J. Carey Gardens Housing Project in Brooklyn, seeks a judgment annulling respondent’s determination that petitioner is ineligible for continued occupancy therein on the ground such determination was arbitrary, capricious, ‘ ‘ unreasonable, and discriminatory” for the reason that respondent’s-letter-notice of the hearing, at which petitioner failed to appear because “ she is unable to read or speak English and is uncertain of the import of the letter ” (despite the fact that she had a friend attempt to translate it), and for the further reason that the notice of respondent’s “ no dog ” rule was inadequate. Said notice of hearing was written only in English, though respondent was aware of the fact that petitioner and numerous other tenants of the respondent wrote and spoke only in Spanish. Petitioner contends that under the circumstances herein the giving of a notice written only in English constituted a violation of the Due Process Clause of the United States Constitution and of State laws and denied petitioner the equal protection of the laws.
About 23 days after service upon it of the foregoing petition and before the adjourned return date of the accompanying order to show cause containing a stay of all proceedings by respondent, respondent in lieu of answering served a separate motion by mail seeking an order dismissing the petition under CPLR 7804 (subd. f) (1) for failure to state a cause of action and (2) for. serving a petition in affidavit form rather than a petition and verification.
Petitioner, to correct the apparently inadvertent error as to the form of the verification, cross-moves for permission to file an amended verified petition in the form of the verification made on July 3, 1973 verifying the contents of the subject petition made on May 21, 1973.
It is the court’s view that the petition states a valid cause of action. The petition seeks to raise a fundamental issue regarding the constitutional sufficiency of the notice which was used herein to apprise petitioner of the hearing to be held on charges made against petitioner and upon which a determination was made by respondent in petitioner’s absence which has the effect of depriving petitioner, as well as numerous other tenants similarly situated, of the right to remain as tenants in the said housing project. (See Escalera v. New York City Housing Auth., 425 F. 2d 853, cert. den. 400 U. S. 853; Matter of Vinson v. Greenburgh Housing Auth., 29 A D 2d 338, 340—341, affd. 27 N Y 2d 675; Matter of Williams v. White Plains Housing Auth., 62 Misc *159 2d 613, affd. 35 A D 2d 965; Mullane v. Central Hanover Trust Co., 339 U. S. 306.)
The defective verification, having been corrected by the submission of a proper verification prior to the hearing of the motion to dismiss, and the respondent not having shown any prejudice by reason of the service of the defective petition, it is the court’s view that petitioner’s cross motion for permission to file such verification nunc pro tunc to correct the technical defect, should be granted. (See Matter of Smith v. Board of Standards & Appeals of City of N. Y., 2 A D 2d 67; Matter of Sylvander v. Stewart, 36 A D 2d 567; Matter of Orange County Pub. Div. of Ottaway Newspapers-Radio v. White, 55 Misc 2d 42, 44.)
Respondent’s motion to dismiss the petition is denied. Respondent is granted leave to serve its answer within 20 days after service upon it of the order to be entered herein.