■ In the Matter of JABBAR COLLINS, Appellant, v NEW YORK STATE DIVISION OF PAROLE et al., Respondents. [674 NYS2d 145] —Appeal from a judgment of the Supreme Court (Bradley, J.), entered September 16, 1997 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioner's request under the Freedom of Information Law.

Petitioner, an inmate at Greenhaven Correctional Facility in Dutchess County, commenced this CPLR article 78 proceeding, *inter alia*, to compel respondents to comply with his request under the Freedom of Information Law (Public Officers Law art 6) (hereinafter FOIL) to furnish all information and records pertaining to another individual's parole records. Supreme Court dismissed the petition on the ground that the requested documents were exempt from disclosure because, *inter alia*, parole records are confidential and release thereof would constitute an invasion of privacy. This appeal ensued.

It is well settled that agency records are presumptively open to the public unless otherwise specifically exempted (*see, Matter of Mingo v New York State Div. of Parole*, 244 AD2d 781, 782). Here, we find that the information sought by petitioner is exempt from disclosure on the ground that it is confidential and, if released, would warrant an invasion of privacy. While not specifically establishing a FOIL exemption, Executive Law § 259-k provides a clear legislative intent to establish and maintain the confidentiality of parole records (*see, e.g., Matter of Kline & Sons v County of Hamilton*, 235 AD2d 44, 46). To that end, the Parole Board has promulgated rules prohibiting the release of the information sought by petitioner (*see*, 9 NYCRR 8000.5 [a]; [c] [2] [i] [a]; [ii]). Given that Executive Law § 259-k directs that parole case record information be confidential, we conclude that the information and documents requested by petitioner are not subject to disclosure under FOIL, even if certain information was redacted (*see*, Public Officers Law § 87 [2] [a], [b]; *see also, Matter of Zuckerman v New York State Bd. of Parole*, 53 AD2d 405, 407; *Jordan v Loos*, 204 Misc 814, 818, *affd* 283 App Div 983). We have reviewed petitioner's remaining contentions and have found them to be unpersuasive.

Cardona, P. J., Mikoll, White, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.