■ In the Matter of RAFAEL ROBLES, Appellant, v TERRENCE X. TRACY, as Counsel for the New York State Division of Parole, et al., Respondents. [713 NYS2d 776] —Mugglin, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered August 24, 1999 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for failure to state a cause of action.

Petitioner, a prison inmate, made a request pursuant to the Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]) for copies of the parole release interview transcripts of two former inmates who testified at his criminal trial and any parole recommendations made by the District Attorney and Judge. Respondents denied the request on various grounds and petitioner subsequently commenced this CPLR article 78 proceeding seeking to compel disclosure of the parole records. Respondents moved to dismiss the petition for, *inter alia*, failure to state a cause of action and Supreme Court, concluding that the requested documents were deemed confidential and exempt from FOIL disclosure, granted the motion. Petitioner appeals.

We affirm. Executive Law § 259-k and the rules promulgated pursuant thereto by the Board of Parole (*see,* 9 NYCRR 8000.5) clearly direct that parole records remain confidential and explicitly prohibit the release of the parole information sought by petitioner here. Thus, the confidential parole records requested by petitioner are exempt from FOIL disclosure because releasing them would constitute an unwarranted invasion of privacy (*see,* Public Officers Law § 87 [2] [b]). Under these circumstances, petitioner's FOIL request was properly denied and dismissal of the petition for failure to state a cause of action was warranted (*see, Matter of Zarvela v New York State Div. of Parole*, 252 AD2d 696; *Matter of Collins v New*

*York State Div. of Parole*, 251 AD2d 738, *lv denied* 92 NY2d 811). The fact that respondents may have previously released the parole records of another inmate in response to a different FOIL request does not persuade us that a contrary conclusion is mandated here.

Petitioner's remaining contentions have been considered and rejected as lacking in merit.

Mercure, J. P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.