■ In the Matter of ANTHONY CARTY, Appellant, v NEW YORK STATE DIVISION OF PAROLE et al., Respondents. [716 NYS2d 125] —Mugglin, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered March 9, 1999 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Division of Parole denying petitioner's request under the Freedom of Information Law.

Petitioner, an inmate at Greenhaven Correctional Facility in Dutchess County, commenced this CPLR article 78 proceeding pursuant to the Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]) seeking the disclosure of letters of recommendation and other parole records relating to two former inmates who testified against petitioner at his criminal trial. Supreme Court dismissed the petition on the basis that, *inter alia*, the documents were exempt because disclosure would endanger the life or safety of a person (*see*, Public Officers Law § 87 [2] [f]) and disclosure would constitute an unwarranted invasion of personal privacy (*see*, Public Officers Law § 87 [2] [b]). This appeal ensued.

Inasmuch as parole records have been held to be confidential (*see*, Executive Law § 259-k; *Matter of Zarvela v New York*

*State Div. of Parole*, 252 AD2d 696; *Matter of Collins v New York State Div. of Parole*, 251 AD2d 738, *lv denied* 92 NY2d 811) and given the possibility that release of such records could endanger the life and safety of a person, we conclude that the parole documents are not subject to FOIL disclosure, even if certain information is redacted (*see, Matter of Collins v New York State Div. of Parole, supra*). To the extent that petitioner's remaining contentions are properly before this Court, we find them to be without merit.

Mercure, J. P., Spain, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.