Daniel Gt. Albert, J.
This is an application by the respondents for a change of venue transferring the jurisdiction of this proceeding from the Supreme Court, Nassau County to the Supreme Court, New York County.
The proceeding is brought under article 78 of the Civil Practice Act or, since this proceeding will not be determined prior to September 1, 1963, it may be considered as coming under article 78 of the Civil Practice Law and Rules, which becomes effective on September 1, 1963. The proceeding under the petition is by the Franklin National Bank as petitioner against the Superintendent of Banks of the State of New York and the Banking Board in the Banking Department of the State of New York as respondents and petitioner seeks a judgment of this court which would do the following:
(a) Review the finding of the respondent, Superintendent of Banks, made on or about July 31, 1963, allegedly pursuant to section 29 of the Banking Law, that the public convenience and *316 advantage would be promoted by the granting of the application of Bankers Trust Company to open a branch office in Rockville Centre, Nassau County, New York; and
(b) Review the action of the respondents, the Banking Board in the Banking Department of the State of New York, on or about July 31, 1963, allegedly pursuant to section 29 of the Banking Law, approving the granting of the aforesaid application of Bankers Trust Company; and
(c) Annulling and declaring null and void and setting aside the aforesaid finding and action; and
(d) Direct the respondent, Superintendent of Banks, to withdraw and cancel his certificate, issued pursuant to section 29 of the Banking Law, as a result of the aforesaid action of the Banking Board; and
(e) Direct the respondents to grant hearings to petitioner and other interested parties concerning the aforesaid application of Bankers Trust Company before taking further action thereon; and
(f) Direct the respondents, pursuant to section 14 of the Banking Law, to make rules and regulations setting forth the standards to be applied by them in determining whether to grant permission for the opening of branch banking offices.
Issue has been joined by the filing of an answer by the respondents to the petitioner’s petition denying the substantial allegations in the petition and setting forth a number of affirmative defenses and requesting the dismissal of the petitioner’s petition. The respondents herein, appearing by the Attorney-General of the State of New York, as their attorney, now make application to this court for a change of venue to transfer the proceeding from Nassau County to New York County. Upon the bringing of this application for a change of venue, it was agreed by the attorneys for the respective parties with the approval of the court, that the hearing of the original petition herein would be deferred until the decision of this court on the application of respondents for a change of venue and that in the decision of this court upon this application for a change of venue the court would also indicate a date for the hearing of the petition if the court denied the application for a change of venue, or would direct the immediate transfer of the entire file on this proceeding to whatever county the court decided to transfer the proceeding if a change of venue were granted.
The change of venue is sought by the Attorney-General in behalf of the respondents on the premise that the principal office of the Superintendent of Banks and the Banking Board is located *317 in New York County; that the application made by the Bankers Trust Company for approval of a branch office in Rockville Centre, Nassau County, New York, was made and filed at the principal office of the respondents in New York County; that the determination made by the respondents, which is herein complained of, was made in New York County; that the failure to grant petitioner a formal hearing and to adopt rules and regulations on the subject of branch applications, as alleged in petitioner’s petition, occurred in New York County; and that all other material facts and events pertaining to this proceeding occurred in New York County.
Respondents also contend that “ the mere circumstance that the bank branch authorized by respondents is located in Rock-ville Centre, Nassau County, and the further circumstance that petitioner’s principal and many of its branch offices are located in that county, do not constitute the ‘ material facts ’ (CPA § 1287) or the ‘ material events ’ (CPLR § 506 [b]) which might otherwise afford a basis for maintaining the proceeding in Nassau County.”
Petitioner contends in substance that the facts and circumstances pertaining to this proceeding arose in Nassau County, and hence Nassau County is the proper county to bring this proceeding.
Venue in a proceeding brought under article 78 of the Civil Practice Act or of the Civil Practice Law and Rules has hitherto been governed by section 1287 of the Civil Practice Act and is now to be governed by subdivision (b) of section 506 of the Civil Practice Law and Rules.
The relevant provisions of section 1287 of the Civil Practice Act read as follows: “ § 1287. Where proceeding to be brought. The petitioner shall apply for relief at a special term of the supreme court held within the judicial district embracing the county wherein the respondent made the determination complained of or refused to perform the duty specifically enjoined upon him by law, or wherein the proceedings are brought or taken in the course of which the matter sought to be restrained originated, as the case may be, or wherein it is alleged in the petition that the material facts otherwise took place; or wherein the principal office of the respondent is located. The special term at which relief is applied for may, in the exercise of its discretion, transfer the proceeding to the county wherein the principal office of the respondent is located.”
The relevant portions of subdivision (b) of section 506 of the Civil Practice Law and Rules read as follows: “ Proceeding against body or officer. A proceeding against a body or officer *318 shall be commenced in any county within the judicial district where the respondent made the determination complained of or refused to perform the duty specifically enjoined upon him by law, or where the proceedings were brought or taken in the course of which the matter sought to be restrained originated, or where the material events otherwise took place, or where the principal office of the respondent is located
Legislative intent must necessarily play an important part in the construction of statutory law. It is significant that the Special Term at which relief is applied for is given very definite discretion to transfer a special proceeding of this nature to the county wherein the principal office of the respondent is located. It is also significant, in determining legislative intent, to note that the wording pertaining to the locale where “ the material facts otherwise took place ” was changed by the Legislature in drafting the new Civil Practice Law and Buies to read ‘ ‘ where the material events otherwise took place ”. It is further significant that both statutes refer to the material facts and the material events as having occurred in the past tense. Hence, it seems to me that since all of the acts complained of by the petitioner as against the respondents concededly occurred in New York County and since all of the acts which the petitioner would have the respondents perform in order to correct the alleged wrongs perpetrated by the respondents against this petitioner would also necessarily be performed in New York County where the principal office of the respondents is concededly located, I am of the opinion that more than sufficient grounds exist under all of the facts and circumstances indicated on this application for a change of venue, for the granting of the application and for the transfer of this proceeding from the Supreme Court, Nassau County to the Supreme Court, New York County.
It is my opinion that the establishment of a branch of a Bankers Trust Company in Nassau County is only the effect or result of the action of the respondents in granting the application which was made and approved in New York County and is only the result and the logical effect of whatever proceedings were had by the respondents before the application was granted, all of which also took place in New York County.
Arguendo, if petitioner’s version and interpretation of the statute under such circumstances are correct, then it could be argued that if the action of the respondents resulted in a disapproval of the application of the Bankers Trust Company to establish a branch in Rockville Centre and the Bankers Trust Company desired to bring an article 78 proceeding to review the action of the respondents in such denial, that the Bankers Trust *319 Company could likewise have instituted such a proceeding in Nassau County. I do not believe that this would be the case. It may well be that conditions existing in Nassau County might be utilized by either of the parties hereto as evidentiary material which would or could be produced before the court in this proceeding, but I do not consider that the mere location of such material or applicability of such evidence coming out of Nassau County would be sufficient to establish Nassau County as the proper jurisdiction for the venue of this proceeding. To go a step further, even if this were so, the statute clearly gives this court the right to exercise its discretion, after considering all of the facets involved in this type of a proceeding, to transfer the venue to the county where the principal office of the respondents is located.
In addition to the foregoing, from what I have already seen in a review of all of the pleadings and the affidavits and memoranda of law submitted in this proceeding, strong likelihood exists that the Special Term may ultimately hold a hearing before determining the issues raised by the petition and the respondents’ answer; and if this be the case, and since the main office of the respondent, Superintendent of Banks, and of the respondents, constituting the Banking Board of the State of New Tork and of their staffs and records is in New Tork County, substantial ground exists for the transfer of the venue of this action to New Tork County to serve the convenience of witnesses and public officials and their staffs, including the attorneys for all of the litigants herein, including that of the petitioner’s attorney, all of whom are located in New Tork County.
Attorneys for the respective litigants have submitted voluminous affidavits and memoranda of law on the issue of a change of venue. All of these were carefully examined by the court and I am strongly of the opinion that the greater weight of authority favors the decision which I am making to transfer the venue of this proceeding to New Tork County in the sound exercise of discretion, after considering all of the facts, and in determining the legislative intent of the applicable statutory law.
The facts disclosed to the court in the pleadings and upon the argument of this application for a change of venue strongly militate toward the importance of an early determination in this proceeding on the merits. The Bankers Trust Company, not a party to this proceeding but nevertheless an interested party (since it is the action of the respondents in the granting of a branch approval for it to establish a branch in Rockville Centre, Nassau County, which is being attacked by the petitioner), has already moved with undue and unusual haste, despite its knowl *320 edge of the pendency of this proceeding, to open its branch for business several months prior to the date normally anticipated for such an operation, and after this proceeding was commenced. Accordingly, if perchance, the petitioner were to succeed in this proceeding, substantial damages would result to the Bankers Trust Company which has already opened for business, and likewise substantial damage could result to the petitioner because of possible loss of depositors from its banking institution to that of the Bankers Trust Company in the Rockville Centre branch. Hence, the situation presented here is one that should be determined with all due and reasonable haste.
Since this court is directing a change of venue, the hearing on the original petition of the petitioner, heretofore noticed for argument before this court on August 28, 1963 and adjourned to August 29, 1963, is referred to Special Term of the Supreme Court, New York County, for the fixing of a date by the Special Term Justice there presiding in accordance with his discretion herein.
The motion of respondents for a change of venue transferring this proceeding from the Supreme Court, Nassau County to the Supreme Court, New York County is granted, without costs and the Clerk of the Supreme Court of Nassau County is directed to forthwith transfer all pleadings and documents on file in this proceeding to the Clerk of the Supreme Court, New York County. Order signed in accordance with the foregoing.