■ WILLIE M. GOODMAN, Respondent, v. STATE OF NEW YORK et al., Appellants.— Order, Supreme Court, New York County, entered June 11, 1971, so far as appealed from, unanimously reversed, on the law and in the exercise of discretion, without costs and without disbursements, the motion denied, the cross-motion to dismiss the action granted, and the action dismissed. Plaintiff-respondent, mother of a mentally retarded child who is a patient at Gouverneur Hospital Division (in Manhattan) of Willowbrook State School, has succeeded in procuring a temporary injunction against the closing of the hospital by defendant-appellant State Department of Mental Hygiene and the transfer of its patients to the Willowbrook School itself on Staten Island, as well as the projected closing of Sampson State School and transfer of its patients to similar institutions. The Commissioner of Mental Hygiene has so acted in the exercise of discretion as the "least harmful alternative" available in the face of the drastic budget cuts made by the Legislature in its recent session. Despite some disagreement in the evidence at Special Term as to the possible effect on some patients, nothing is found from which to infer that the Commissioner acted upon other than a substantial basis of information and professional opinion. The Legislature, it appears, has not provided sufficient funds to continue to maintain all schools for mental retardates as presently done. It thus becomes the Commissioner's duty so to use the resources of his department as to provide the maximum of services and facilities required by law to be furnished. The contention is without merit that, because the names of the two institutions appear on lines in the budget estimates, a legislative intent was manifested that they be continued. There is no statutory mandate to this effect. Indeed, the preamble to the act of appropriation (L. 1971, ch. 50) states specifically that "Notwithstanding the provisions of the state finance law, the amount provided for any program within a schedule or schedules for a department or agency may be increased or decreased by interchange with any other program within each such schedule or schedules with the approval of the director of the budget". This the Commissioner has done, even to having secured "approval of the director of the budget." See, also, the provisions of subdivision 1 of section 50 of the State Finance Law, with which the Commissioner has complied. And, in any event, by virtue of the provisions of subdivision 3 of section 10-a of the Mental Hygiene Law, the Commissioner has full authority to transfer patients from one institution to another for cause. It cannot be gainsaid that it is sufficient cause that consolidation of services and facilities because of budgetary restrictions becomes appropriate in the face of the alternative of dilution of services and reduction and spreading thin of personnel to the point

of complete inefficiency and ineffectuality. Though in form an action for injunction, Special Term apparently treated this proceeding as though brought under article 78 CPLR, and the complaint as a petition. So viewed, it is apparent that the relief granted was improvident, it not having been established that the Commissioner's action was arbitrary or an unsound exercise of discretion. This is not to deprive any patient of a remedy should it later develop that any particular patient has actually not been accorded proper services or facilities. (See *People ex rel. Anonymous* v. *La Burt*, 17 N Y 2d 738.) This disposition being on the merits, it is not necessary to consider the question raised as to plaintiff's standing to prosecute the action, although it is at least doubtful that she possesses that standing. (See *St. Clair* v. *Yonkers Raceway*, 13 N Y 2d 72, and cases therein cited.) Concur — Markewich, J. P., Nunez, Steuer and Tilzer, JJ.