WILLIAM J. SEMPLE, SR., et al., Individually and on Behalf of All Similarly Situated Parents, Guardians and Relatives of Residents at Sampson State School, Appellants, *v.* ALAN D. MILLER, Individually and as Commissioner of Mental Hygiene, et al., Respondents.

Fourth Department, January 20, 1972.

*O'Connor & McHugh* (*Matthew F. McHugh* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General* (*William J. Kogan, Ruth Kessler Toch* and *Jack W. Hoffman* of counsel), for respondents.

*Per Curiam.* Following a 34 million dollar reduction in his departmental budget, respondent State Commissioner of Mental Hygiene (hereinafter respondent) directed that the Sampson State School at Willard, New York, be closed. The school was established in 1958 as an annex to Willard State Hospital. In 1968 it was made a State school within the Department of Mental Hygiene, and has been maintained since that time as an institution for mentally retarded persons of adult age. At the time this action was instituted it had a resident population of approximately 700 adult persons.

An article 78 proceeding was instituted by the residents, parents, and guardians of residents and employees of the school to prohibit respondent from closing the school.

Respondent urges the petitioners' lack of standing to challenge his determination to close this institution. An article 78 proceeding may be maintained by a citizen, resident and taxpayer questioning the validity of a *local law* even without a showing of a personal grievance or personal interest in the outcome (*Matter of Policemen's Benevolent Assn. of Westchester County* v. *Board of Trustees of Vil. of Croton-on-Hudson,* 21 A D 2d 693; *Matter of General Bldg. Contrs. of N. Y. State* v. *County of Oneida,* 54 Misc 2d 260). While this proceeding does not involve an attack on the validity or constitutionality of a State statute, nonetheless it is a direct challenge to State action. Petitioners have no standing to attack this *State action* without a showing of personal aggrievement (cf. *Hidley* v. *Rockefeller,* 28 N Y 2d 440; *Matter of Posner* v. *Rockefeller,* 26 N Y 2d 970; *St. Clair* v. *Yonkers Raceway,* 13 N Y 2d 72), which does not exist in the case of those petitioners who are State employees (*Hidley* v. *Rockefeller, supra*). The State does not seriously question the standing of the residents, guardians and parents of the residents to maintain this proceeding. Regardless of whether any of the petitioners have standing to sue, however, we believe that Special Term's dismissal of their petition must be affirmed.

The applicable provisions of the Mental Hygiene Law vest sufficient administrative power in the Commissioner to support his determination to close the Sampson State School. These provide respondent with the power to transfer patients to any other institution (Mental Hygiene Law, § 10-a); they also state that the duties of all employees in the department shall be performed subject to the control of the Commissioner (Mental Hygiene Law, § 4); and the Commissioner is empowered to adopt such rules as he deems necessary to promote the welfare of the patients, to formulate standards of administration and *patterns of integration of State mental health services,* and to formulate a master plan with standards and regulations which provide for acquisition of real property, construction and rehabilitation, which plans, standards and regulations may be amended as the Commissioner may determine (Mental Hygiene Law, § 7, subd. 5; subd. 10, pars. [b] and [c]). The existence of such power in the Commissioner is clear in the statute (*Goodman* v. *State of New York,* 37 A D 2d 703).

We also conclude that respondent's action in closing the school was not an arbitrary or capricious exercise of his power. CPLR 7804 (subd. [f]) makes provision for respondent to move to dismiss the petition, objecting to it in point of law, analogous to article 32 motions to dismiss and for summary judgment. Similar to such motions, in a motion to dismiss a petition the

facts stated therein are deemed admitted for the purposes of the motion and the facts alleged are considered in a light most favorable to petitioners. Conclusory allegations are not among the facts deemed admitted, however (24 Carmody-Wait, New York Practice 2d, § 145:315). All of the factual allegations deemed admitted in the petition relate to the positive aspects of Sampson School as an institution. These facts do not establish that the closing was arbitrary but, rather, that it was unfortunate. The remaining allegation that "if moved, all of the residents of Sampson will be seriously and irreparably harmed", is merely a conclusion not raising any issue of fact requiring a trial in this proceeding (CPLR 7804, subd. [h]). In support of the motion to dismiss, the State contends that the harm resulting from reducing services at all the State hospitals would be greater than that caused by closing Sampson. This, similarly, is merely a conclusion. But presumably whatever course was followed or action taken by the Commissioner would result in irreparable harm. No one can seriously question that this directive by respondent to close Sampson Hospital has resulted in irreparable harm. The simple fact of the matter, however, is that it is the reduced budget allotted to the Department of Mental Hygiene which has caused it and not the exercise by the Commissioner of his discretionary power in meeting this exigency.

We point out, however, that courts do not interfere with an administrative agency's course of action merely because another course might arguably be preferable, nor does a court attempt to impose on an agency its view of what constitutes sound administrative policy. Thus, a petition alleging arbitrary conduct should be dismissed where, as here, any reasonable explanation of the conduct can be found (24 Carmody-Wait, New York Practice 2d, § 145:318).

There being no issue of fact raised by the petition requiring a trial, Special Term's dismissal of it should be affirmed.

DEL VECCHIO, J. P., WITMER, GABRIELLI, CARDAMONE and HENRY, JJ. concur.

Judgment unanimously affirmed without costs.