J. Robert Lynch, J.
In May of 1974 a group claiming to be Mohawk Indians took possession of property around Moss Lake to which the State of New York claims title, and its inclusion in the Adirondack Forest Preserve, by virtue of a 1973 deed from the Nature Conservancy. Through a declaration called the Ganienkeh Manifesto, the occupants claim title not only to this but also to other lands in northern New York and Vermont, the claim being based on the asserted invalidity of certain treaties with Indians in the late eighteenth century. The petitioners are nearby landholders whose enjoyment of their property they allege is threatened by the actions of the Moss Lake occupants. By this CPLR article 78 proceeding they seek to have the Department of Environmental Conservation and the State Police compelled to remove the occupants and to have them prosecuted, civilly and criminally, for alleged violations of the law. The respondents have cross-moved, prior to answer, for dismissal of the petition for being insufficient to grant the court jurisdiction or to entitle the petitioners to the relief sought.
In a motion to dismiss an article 78 petition on such a point of law, "the facts stated therein are deemed admitted for the purposes of the motion and the facts alleged are considered in a light most favorable to the petitioners. Conclusory allegations are not among the facts deemed admitted, however (24 Carmody-Wait, New York Practice 2d, § 145:315)”, (Semple v Miller, 38 AD2d 174, 175-176). Facts underlying conclusory *585 allegations may, if possible, be developed from supporting affidavits, supplied even by the respondents (Matter of Ottaway Newspapers-Radio v White, 55 Misc 2d 42), if no issues are raised (cf. Mulligan v Lackey, 33 AD2d 991). For the purpose of this motion, we accept as fact that the State has good title to the Moss Lake property, that its occupants are interlopers and that several actions they have taken are violative of laws protecting State-owned land in the forest preserve. We cannot accept as admitted the conclusory, and pivotal, allegation of the petition that the respondents are doing nothing about it or that what they are doing is so cunctatory that it is meaningless.
The Department of Environmental Conservation was authorized to accept title to the Moss Lake property in the name of the People of the State (ECL 9-0105, subd 6) whereupon it became a part of the forest preserve (ECL 9-0101, subd 6) to be forever kept as wild forest lands (NY Const, art XIV, § 1). The duty to preserve its status by action or proceeding is enjoined upon the department (ECL 9-0105, subd 9) in furtherance of the declared policy of the State to preserve the unique quality of this special resource (ECL 1-0101). The respondent Superintendent of State Police is enjoined with the duty of preventing and detecting crime and apprehending criminals (Executive Law, § 223).
Examining the petition further on the subject of the respondents’ activity, or lack of it, in pursuance of their duty to enforce the law, we find that, acting in the name of the State of New York, an action has been commenced in Federal court with the immediate purpose of dispelling the claim of the Moss Lake occupants as a cloud on the State’s title, the undoubted ultimate purpose being their eviction. The petition also discloses the fact that the action was dismissed, not on the merits but on a jurisdictional ground, at the District Court level and that this decision is being appealed and will be argued in the Circuit Court of Appeals next month.
Given the situation confronting them, the respondents had many avenues of recourse available in both civil and criminal law. Although public clamor indicates that everyone has a different idea what should be done, the petitioners do not suggest or argue that the respondents must seek every remedy at the same time and immediately. The action to be taken and the order in which taken are matters resting within the judgment of the respondents (Gaynor v Rockefeller, 15 NY2d *586 120; People v Bunge Corp., 25 NY2d 91; People v Ballard, 134 NY 269). It is true, as the petitioners point out, that in the cases cited the discretion ran only to a right to sue granted by statute and an exception was carved out where there is a "clear violation of some constitutional mandate” (Gaynor v Rockefeller, supra, p 131). We do not, however, construe the exception to mean that where, as here, when the constitutionally mandated forest preserve is involved, the respondents have no discretion how they shall act. It means only that they must act, with the added proviso that there must be a reasonable explanation for the action taken (Semple v Miller, supra; see, also, Baird v Supervisors, 138 NY 95).
The petition would deny a reasonable explanation for the Federal court action, going only so far as to allege that it is a meaningless action because "there is a substantial doubt about its ultimate success”. While this is a conclusory allegation and not a fact, it would also set up a standard for action, not of reasonableness, but of certainty. The respondents’ explanation of the Federal action is reasonable. The gist of it is that since the Moss Lake occupants claim, as Mohawk Indians, to be a sovereignty independent of the State of New York, and since their claim runs to land in two States, and since both claims to title, their’s and the State’s rest ultimately on treaties made under the supervision and consent of the Federal Government, the respondents’ judgment was that, first of all, the title question should be tried in Federal court. Concededly this approach ignores, for now, many violations of State law that many people would like to have prosecuted, and it holds in abeyance many State court remedies, but it does this in the interest of attacking first the larger and more basic problem of title, and doing so in a forum seemingly proper to the respondents. This is reasonable, even if it should turn out not to be successful.
The petition also alleges that the Federal action has been prosecuted so dilatorily as to call into question any explanation of the respondents. This too is a conclusory allegation. The fact is that we have not been informed of any sanction, warning or complaint from the Federal court that the action there was not being diligently prosecuted. Certainly we are in no position to say that it has not been when the court in which the action lies has not found it to be true.
In summary, then, while it appears from the petition that the respondents must take action in the matter of the Moss *587 Lake occupants, it also appears that action is being taken. The choice of action lying within the respondents’ discretion, and the explanation of the action they have taken being reasonable, the petition must be denied.