Jacob J. Schwartzwald, J.
In this motion to vacate a subpoena of the Attorney-General, it is urged that venue of the motion is improper inasmuch as the Attorney-General maintains no office in Kings County. It is further contended that since the Attorney-General does maintain an office in New York, the very office from which the subpoena in question emanated, the venue properly lies in New York County.
Venue provisions relating to a motion to quash are found in CPLR 2304 which reads in part: "A motion to quash, fix conditions or modify a subpoena shall be made promptly in the court in which the subpoena is returnable. If the subpoena is not returnable in a court, a request to withdraw or modify the subpoena shall first be made to the person who issued it and a motion to quash, fix conditions or modify may thereafter be made in the supreme court.” Hence, where a nonjudicial subpoena, such as is involved here, is the object of a motion to.quash, venue is not specified. However,'this precise *677 issue was raised in Matter of Deutsch, (NYLJ, April 18, 1975, p 17, col. 1) where Justice Pino adopted the suggestion found in the Practice Commentary to CPLR 2304 by Professor David D. Siegel (McKinney’s Cons Laws of NY, Book 7B, C2304:4, pp 219-220) that if the subpoena emanates from an administrative proceeding, it might be politic to bring the motion to quash in the Supreme Court of the county in which an article 78 proceeding would be appropriate under CPLR 506 (subd [b]). CPLR 506 (subd [b]) reads: "A proceeding against a body or officer shall be commenced in any county within the judicial district where the respondent made the determination complained of or refused to perform a duty specifically enjoined upon him by law, or where the proceedings were brought or taken in the course of which the matter sought to be restrained originated, or where the material events otherwise took place, or where the principal office of the respondent is located”.
This court agrees with Judge Pino’s conclusion that a motion to quash is akin to a proceeding against an officer and the proper court for venue purposes is where the subpoena originated or in the county where the principal office of the respondent is located.
Accordingly, the court having determined that proper venue is in New York County, the motion is transferred to that Supreme Court. The Clerk of the Supreme Court, Kings County is directed to transfer all papers in this proceeding to the Clerk of the Supreme Court, New York County.