OPINION OF THE COURT
Thomas P. Flaherty, J.
By way of a CPLR article 78 proceeding the petitioner, a law clerk to judge, part time (JG 24), seeks an order directing the respondent to reclassify his position. Respondent Sise moves to change the venue of this proceeding from Supreme Court, Erie County, to Supreme Court, New York County, pursuant to CPLR 510 and 511 on the grounds that Erie County is not a proper county for the prosecution of this proceeding, and that New York County is the only proper county for this purpose, pursuant to CPLR 506 (b).
CPLR 506 (b) provides that proceedings against bodies or officers shall be commenced “in any county within the judicial district where the respondent made the determination complained of or refused to perform the dut[les] specifically enjoined upon him by law, or where the proceedings were brought or taken in the course of which the matter sought to be restrained originated, or where the material events otherwise took place, or where the principal office of the respondent is located”.
The determination complained of in the instant article 78 proceeding was made by the respondent in New York County, *33 proceedings leading up to that determination were made in New York County, the material events which led up to the designation of the petitioner as a law clerk to judge, part time (JG24), were made in New York County and the principal offices of both respondents are located in New York County. The “material event” in this petition is not the location where the effect of this designation is felt on this petitioner, who is employed in the Family Court, Erie County, but rather consists of the decision-making process in which the petitioner’s title was established (Cohen v Department of Social Servs., 30 NY2d 571, affg 37 AD2d 626; Semple v Miller, 67 Misc 2d 545, affd on other grounds 38 AD2d 174; Matter of Franklin Natl. Bank v Superintendent of Banks, 40 Misc 2d 315). Accordingly, the respondent’s motion to change venue to Supreme Court, New York County, is in all respects granted. To hold otherwise would open the possibility of inconsistent judicial determinations in the Supreme Courts of the 62 counties of the State of New York regarding a State-wide classification plan established and implemented in New York County. The petitioner’s commencement of a declaratory judgment action in Supreme Court, Erie County, seeking similar relief as that sought in the instant proceeding does not compel a contrary result.