■ In the Matter of NEW YORK REPUBLICAN STATE COMMITTEE et al., Respondents, v TEMPORARY STATE COMMISSION OF INVESTIGATION, Appellant.—Casey, J. Appeal from an order and judgment of the Supreme Court (Kahn, J.), entered May 29, 1986 in Albany County, which denied respondent's cross motion to dismiss the petition as to petitioner New York Republican State Committee for lack of standing and to change venue to New York County.

In the summer of 1983, respondent orally requested that petitioner New York Republican State Committee (State Committee), the New York Democratic State Committee and the Republican and Democratic Committees of New York County and certain other counties supply information regarding their respective "housekeeping accounts". These accounts consist of moneys received and expenditures made by a party committee or constituted committee to maintain a permanent headquarters and staff and carry on ordinary activities which are not for the purpose of promoting the candidacy of specific candidates. Pursuant to Election Law § 14-124 (3), housekeeping accounts are specifically exempt from disclosure. Therefore, in response to respondent's oral request, some of the committees demanded the service of a subpoena. Respondent served a subpoena duces tecum upon petitioner Suffolk County Republican Committee (County Committee). The State Committee requested that respondent withdraw its subpoena as to the County Committee. The request was denied. Both petitioners then instituted this proceeding to quash the subpoena served on the County Committee. Respondent cross-moved for a change of venue from Albany County to New York County and dismissal of the petition as to the State Committee for lack of standing. Petitioners opposed the cross motion. Supreme Court denied respondent's cross motion.

In our view, Supreme Court erred. It is admitted that the only subpoena presently outstanding is directed to the County Committee. The State Committee has no justiciable or special interest in the motion to quash this subpoena. The State Committee does not represent members whose interest and aggrievement in and by the subpoena are such as to accord

the State Committee standing *(see, Matter of Urban League v County of Monroe,* 49 NY2d 551). Accordingly, the cross motion to dismiss should have been granted and the petition relating to the State Committee dismissed.

The principal office of respondent is in New York County and the subpoena is returnable in New York County. The remaining petitioner is closer geographically to New York County than to Albany County, and a Supreme Court Justice in New York County has been assigned all similar cases. That part of respondent's cross motion seeking a change of venue to New York County should also have been granted. Accordingly, the order and judgment of Supreme Court must be reversed.

Order and judgment reversed, on the law and the facts, without costs, cross motion granted, petition of New York Republican State Committee dismissed and venue changed to New York County. Main, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.