OPINION OF THE COURT
Daniel F. Luciano, J.
This is a CPLR article 78 proceeding commenced by the *199 petitioner, Elaine Hecht, to compel the respondent, New York State Teachers’ Retirement System, to pay a death benefit allegedly due occasioned by the death of the decedent, Conrad Hecht. The article 78 proceeding was commenced in the Supreme Court, Suffolk County. The respondent has moved "for an order pursuant to CPLR 511 (b) changing the venue of the subject proceeding to Albany County, [and] staying all proceedings pursuant to CPLR 511 (c)”. The basis for the motion is CPLR 506 (b) which specifies proper venue for a proceeding against a body or officer. The request for a change of venue is further expanded in the supporting affirmation to include a request to change venue pursuant to CPLR 510 (convenience of witnesses — subd 3).
The decedent, Conrad Hecht, was an employee of the Massapequa Union Free School District and a member of the respondent, New York State Teachers’ Retirement System. The decedent, Conrad Hecht, died on November 1, 1986. The parties dispute whether the decedent’s, Conrad Hecht, last day of employment with the Massapequa Union Free School District was October 1, 1986 or October 3 (eff date Oct. 4), 1986. Resolution of this disputed fact is critical to the question of whether the petitioner, Elaine Hecht, is entitled to recover death benefits since to recover such death benefits it is necessary that a decedent die within thirty days after retirement. (Education Law § 513.)
The respondent, New York State Teachers’ Retirement System, asserts that the proper venue for this article 78 proceeding is in Albany County. CPLR 506 (b) provides, in part: "Proceeding against body or officer. A proceeding against a body or officer shall be commenced in any county within the judicial district where the respondent made the determination complained of or refused to perform the duty specifically enjoined upon him by law, or where the proceedings were brought or taken in the course of which the matter sought to be restrained originated, or where the material events otherwise took place, or where the principal office of the respondent is located”. CPLR 7804 (b) provides: "A proceeding under this article shall be brought in the supreme court in the county specified in subdivision (b) of section 506 except as that subdivision otherwise provides.”
In 8 Weinstein-Korn-Miller (NY Civ Prac ][ 7804.03) the authors state, in part:
"The opening paragraph of CPLR 506 (b), which states the *200 general venue rule for Article 78 proceedings, provides for three alternative bases for venue. The first basis, referring to the place of the official action being challenged, is framed in terms of the tri-partite distinctions among certiorari and mandamus attacking action involving discretion ('where the respondent made the determination’), mandamus involving no discretion ('where the respondent . . . refused to perform the duty specifically enjoined upon him by law’) and prohibition ('where the proceedings were brought or taken in the course of which the matter sought to be restrained originated’). See U 7803.03. This formulation might appear to raise some problems because of the apparent need to characterize the relief in order to determine venue. However, such a problem does not in fact arise. Whatever the nature of the relief sought, the place where the action challenged by petitioner actually occurred will not vary, regardless of whether the question is framed as the place of the 'determination’ or 'refusal to perform the duty’ or 'where the proceedings were brought.’
"The third general basis for venue, 'the principal office of the respondent,’ is a place that is readily identifiable, and has caused few interpretive problems for courts or litigants.
"The second general basis for venue, 'where the material events took place,’ has, however, raised several problems of interpretation. It is clear that this provision does not limit venue to the place where acts by the official whose conduct is challenged occurred. Such a limited interpretation would make the material events’ basis of venue superfluous, since the place where the challenged action occurred is already a proper venue under the first alternative of CPLR 506 (b). Therefore, 'material events’ forming a proper basis of venue include all such underlying facts and events which give rise to the official action challenged by petitioner. Thus, it has been held that a proceeding to review a determination of the State Liquor Authority could be maintained in the county where the premises involved were located, even though respondent’s determination was made in a different county; and that a determination of the Department of Conservation to acquire land could be challenged in the judicial district where the land was located, since many acts preparatory to the Department’s determination occurred in such district, even though the Department’s ultimate determination was made in Albany County.
"Since the underlying facts and events which give rise to a challenged action can occur in more than one judicial district, *201 it follows that each such judicial district in which a 'material event’ takes place provides a proper venue as to any county therein.” (Emphasis added.)
The respondent, New York State Teachers’ Retirement System, in paragraph 9 of its moving affirmation asserts that "where, as here, the determination complained of was made in Albany County and where the act Petitioner seeks to compel Respondent to perform, viz, payment of a death benefits claim, can only be done in Albany County where Respondent’s principal and only office is located, venue is properly laid in Albany County pursuant to CPLR 506 (b).”
The petitioner, Elaine Hecht, in opposition contends that, "[o]n the contrary, Petitioner received advice of this determination in Suffolk County. Further, all material events occurred in Nassau and Suffolk Counties and not in Albany County.”
In deciding this motion it may be observed first that the place of receiving the notice of the respondents, New York State Teachers’ Retirement System, determination is not a place "where the material events took place”. Indeed, all the material events would necessarily have preceded the notification given to the petitioner, Elaine Hecht. The decedent, Conrad Hecht, however, was employed in the County of Nassau which is in the same Judicial District as is Suffolk County where this proceeding was commenced. Certainly the decedent’s employment and retirement are the material events which are the subjects of this dispute. (See, Ronco Communications & Elecs. v Valentine, 70 AD2d 773; Matter of Daley v Board of Estimate, 258 App Div 165.)
To be distinguished are cases such as Cohen v Department of Social Servs. (37 AD2d 626, affd 30 NY2d 571) and Semple v Miller (67 Misc 2d 545, affd 38 AD2d 174). In those cases, although the decisions to close schools would certainly have had an effect where the schools were located, there is no indication that any material events occurred in the Judicial Districts in which the schools were located resulting in the determination which was made in Albany County. A similar analysis was made in Matter of Franklin Natl. Bank v Superintendent of Banks (40 Misc 2d 315).
The respondent, New York State Teachers’ Retirement System, has supplied, inter alia, a copy of an unreported memorandum decision dated May 22, 1979 of Hon. Lester E. Gerard of the Supreme Court, Suffolk County, in the case of *202 Reichler v New York State Teachers’ Retirement Sys. (index No. 78-21292) in which Justice Gerard concluded that CPLR 506 (b) required that venue of a proceeding against the New York State Teachers’ Retirement System be in Albany County. Justice Gerard stated, in part: "The principal offices of the respondent are located at 143 Washington Avenue, Albany, New York, and the decision not to approve the death benefits of Marilyn Reichler was rendered there. Further, the office contains all the records, applications for membership and employers reports concerning the respondent Retirement System. Even though this may place some hardship upon the petitioners, the employees and the records of the Retirement System cannot be scattered throughout the numerous counties of this State defending claims against the Retirement System, and still effectively carry out the duties of their employment. Through this statutory procedure of mandating venue in Albany County, the petitioner can still seek judicial relief for his grievance without totally disrupting the bureaucratic mechanisms of the Retirement System.”
While this court concurs that these are good reasons supporting the conclusion that venue in a proceeding against the New York State Teachers’ Retirement System should be in Albany County, the court cannot agree that these reasons are relevant to a determination of proper venue under CPLR 506 (b). The relevant criteria thereunder are: "where the respondent made the determination complained of or refused to perform the duty specifically enjoined upon him by law, or where the proceedings were brought or taken in the course of which the matter sought to be restrained originated, or where the material events otherwise took place, or where the principal office of the respondent is located”.
While the convenience discussed by Justice Gerard may be relevant pursuant to CPLR 510 (3) ("the convenience of material witnesses and the ends of justice will be promoted by the change”) they are not relevant pursuant to CPLR 506 (b) and do not under that section support a change of venue if the venue originally selected is where the material events took place.
Accordingly, since the "material events” took place at the decedent’s, Conrad Hecht, place of employment it is not required that venue be changed to Albany County pursuant to CPLR 511 (b) and 506 (b).
*203 The next issue to be determined is whether venue of this proceeding should be transferred to Albany County pursuant to CPLR 510 (3).
The court concludes that the proof submitted by the respondent in support of the motion on this ground is insufficient to warrant a change of venue. The respondent, New York State Teachers’ Retirement System, states in paragraphs 10 and 11 of the moving affirmation:
"10. * * * As noted Respondent’s principal and only office is located in Albany County. All of the records of the Retirement System are kept at Respondent’s office in Albany County and all applications for membership in the Retirement System are filed there.
"11. Furthermore, all employees of Respondent who might be called as witnesses in this action are located at Respondent’s office in Albany County. Respondent submits that it would be a burden upon the Retirement System if any of its employees were required to travel from Albany County to Suffolk County in connection with any pre-trial or trial proceedings in this matter.”
In response the petitioner, Elaine Hecht, has argued, inter alia, her position concerning the decedent’s, Conrad Hecht, date of retirement "is best supported by the administrators of the Massapequa School District who would willingly appear at a Suffolk County hearing on this matter. To ask these administrators to travel to Albany County would present a hardship that they would be unlikely to bear willingly.”
It may be further noted in response to the respondent’s, New York State Teachers’ Retirement System, argument that such argument could be made in any case in which a determination of the New York State Teachers’ Retirement System is challenged. Thus, it seems that the respondent, New York State Teachers’ Retirement System, urges the adoption of a per se or automatic rule requiring venue of proceedings brought against it be in Albany County. The difficulty with such an argument is that in CPLR 506 (b) (1) and (2) the Legislature has specified the bodies and officers to which such an automatic rule applies. The respondent, New York State Teachers’ Retirement System, is not included among the identified bodies and officers.
With respect to the particular papers submitted in support *204 of the motion it may be simply noted that they are insufficient to support the motion for a change of venue. (See, 2 Weinstein-Korn-Miller, op. cit, ¶ 510.14.)
Accordingly, the motion to change venue is denied.