■ In the Matter of NEW YORK REPUBLICAN STATE COMMITTEE et al., Appellants, v NEW YORK STATE COMMISSION ON GOVERNMENT INTEGRITY et al., Respondents.—Casey, J. P. Appeal from an order of the Supreme Court (Conway, J.), entered November 13, 1987 in Albany County, which, *inter alia,* granted respondents' cross motion to change venue from Albany County to New York County.

Petitioners instituted this proceeding in Albany County, pursuant to CPLR 2304, seeking to quash subpoenas issued by respondent New York State Commission on Government Integrity requesting the production of petitioners' "housekeeping accounts"* at the Commission's office in New York City, except for petitioner Erie County Republican Committee, whose requested documents were to be produced in the City of Buffalo based on the Commission's expressed intention of avoiding hardship and needless expense. The Commission, joined by respondent Attorney-General, cross-moved to change the venue to New York County, claiming that Albany County was an improper county. Supreme Court granted respondents' cross motion. We agree with Supreme Court.

A motion to quash a nonjudicial subpoena is similar to a CPLR article 78 proceeding and governed by the provisions of CPLR 506 (b) *(Matter of Associated Homeowners & Businessmen's Org.,* 85 Misc 2d 676, 677). CPLR 506 (b) provides for three alternative bases for venue: (1) where the action challenged actually occurred, (2) where the material events took place, or (3) where the respondent's principal office is located *(see,* 8 Weinstein-Korn-Miller, NY Civ Prac ¶ 7804.03). Venue

---

* "Housekeeping accounts" consist of moneys received and expenditures made by a party committee or constituted committee to maintain a permanent headquarters and staff and carry on ordinary activities which are not for the purpose of promoting the candidacy of specific candidates.

"should be in a county appropriate to the facts" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2304:4, at 220).

The first two factors militate in favor of setting venue in New York County. The subpoenas were issued from the Commission's office in that county pursuant to an investigation conducted there. Contrary to petitioners' claim, the presence of the Governor and the Legislature in Albany County is not relevant to the question of venue in this matter. The "material event" here is "the decision-making process in which the [determination] was established" *(Ward v Sise,* 127 Misc 2d 32, 33). This affords more relevance to New York County than to any of the other four counties. Nor do we attach significance to the location of the office of the Attorney-General in Albany County. The Deputy Attorney-General who signed the subpoenas was also the Chief Counsel to the Commission, which had the direct authority to issue subpoenas under Executive Law § 6. As the Commission points out, petitioners failed to comply with the provisions of CPLR 2304 by making a request to withdraw or modify the subpoena to the Attorney-General, indicating that the Attorney-General was not a necessary respondent. Although petitioners named him as a respondent, the Attorney-General is not directly involved in the investigation here and had nothing to do with the issuance of the subpoenas. As noted by Supreme Court, the situation here is similar to and governed by our prior decision in *Matter of New York Republican State Comm. v Temporary State Commn. of Investigation* (129 AD2d 840). Accordingly, the order of Supreme Court should be affirmed.

Order affirmed, with costs. Casey, J. P., Yesawich, Jr., Harvey. and Mercure, JJ., concur.