■ In the Matter of THOMAS J. SPARGO, Respondent, v NEW YORK STATE COMMISSION ON GOVERNMENT INTEGRITY, Appellant.—Harvey, J. Appeal from an order of the Supreme Court (Prior, Jr., J.), entered August 1, 1988 in Albany County, which, *inter alia,* denied respondent's cross motion to change venue from Albany County to New York County.

In July 1987, respondent commenced an investigation into the campaign financing practices of the 1985 Town Board election in the Town of Poughkeepsie, Dutchess County. In furtherance of its investigation, respondent served petitioner with a subpoena duces tecum and two subpoenas ad testificandum. Two of the subpoenas required petitioner to appear at respondent's office in New York County and the third, which originally required petitioner to testify in Albany County, had been changed to require the testimony at respondent's office in New York County.

On February 11, 1988, respondent moved in New York County to compel compliance with the three subpoenas. Also on that date, petitioner moved by order to show cause in Albany County to quash the subpoenas. On February 12, 1988, respondent cross-moved for an order changing venue of the motion to quash from Albany County to New York County. Petitioner opposed the cross motion and moved for an order consolidating in Albany County respondent's proceeding to compel with petitioner's proceeding to quash. Supreme Court denied respondent's cross motion to change venue, granted petitioner's motion to consolidate the two proceedings in Albany County, and preliminarily excused petitioner from complying with the subpoenas. Respondent appeals.

We reverse. We recently summarized the law with respect to proper venue for a motion to quash a nonjudicial subpoena as follows: "A motion to quash a nonjudicial subpoena is similar to a CPLR article 78 proceeding and governed by the provisions of CPLR 506 (b) * * *. CPLR 506 (b) provides for three alternative bases for venue: (1) where the action challenged actually occurred, (2) where the material events took place, or (3) where the respondent's principal office is located" *(Matter of New York Republican State Comm. v New York State Commn. on Govt. Integrity,* 138 AD2d 884).

Here, as in *Matter of New York Republican State Comm. v New York State Commn. on Govt. Integrity (supra),* the first two factors militate in favor of setting venue in New York County. The subpoenas were issued from respondent's New York office after it had conducted various inquiries. The

majority of respondent's staff and the regular meetings of the seven Commissioners whose names appear on the subpoenas are in New York County. The subpoenas are returnable in New York County. With respect to the third factor, although respondent has an office in Albany County, it is clear that its principal office is in New York County *(see, Matter of New York Republican State Comm. v Temporary State Commn. of Investigation,* 129 AD2d 840). Further, Supreme Court in New York County has already addressed issues similar to those raised by this petitioner *(Matter of New York Republican State Comm. v New York State Commn. on Govt. Integrity,* 138 Misc 2d 790, *affd* 140 AD2d 1014). Thus, the chance for inconsistent decisions is increased if the proceedings remain in Albany County. For the above reasons, and particularly in light of the similarity between this case and *Matter of New York Republican Comm. v New York State Commn. on Govt. Integrity* (138 AD2d 884, *supra)* and *Matter of New York Republican State Comm. v Temporary State Commn. of Investigation (supra),* the order should be reversed and respondent's cross motion to change venue to New York County granted.

Order reversed, on the facts, without costs, cross motion granted and venue changed from Albany County to New York County. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.