■ In the Matter of JAMES VIGILANTE, Respondent, v ROBERT DENNISON, Appellant. [827 NYS2d 285]—

In a proceeding pursuant to CPLR article 78, in effect, to review a determination of the Executive Department of the New York State Division of Parole dated November 8, 2005, which affirmed a determination of the Parole Board dated February 8, 2005, made after a hearing, denying the petitioner's application to be released on parole and ordering him to be held for an additional 24 months, the appeal, by permission, is from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated April 26, 2006, as denied the cross motion of Robert Dennison, as Chairman of the New York State Division of Parole, to change the venue of the proceeding to Albany County or, in the alternative, to Sullivan County.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, and the Clerk of the Supreme Court, Kings County, is directed to deliver to the Clerk of the Supreme Court, Albany County, all papers filed in this proceeding and certified copies of all minutes and entries (*see* CPLR 511 [d]).

The petitioner is an inmate at the Woodbourne Correctional Facility (hereinafter Woodbourne), which is located in Sullivan County. He brought the instant proceeding pursuant to CPLR article 78 against Robert Dennison, as Chairman of the New York State Board of Parole (hereinafter the Board), to challenge an adverse parole determination which was made at Woodbourne, and then affirmed on his administrative appeal by the Executive Department of the New York State Division of Parole in Albany County. The petitioner brought the proceeding in Kings County, where he committed one of the crimes leading to his current incarceration, and where he was sentenced based on his conviction for that crime and for his convictions for two unrelated crimes. After the petitioner refused to consent to the Board's demand for a change of venue either to Albany or Sullivan Counties (*see* CPLR 511 [b]), on the ground that Kings County was not a proper venue, but that either of its alternatives was proper under CPLR 506 (b), the Board cross-moved to change the venue of this proceeding. The petitioner opposed the cross motion. In an order dated April 26, 2006 the Supreme Court denied the cross motion. We reverse the order insofar as appealed from.

CPLR 506 (b) governs venue in CPLR article 78 proceedings. That subdivision provides, in pertinent part, as follows: "A proceeding against a body or officer shall be commenced in any county within the judicial district where the respondent made the determination complained of or refused to perform the duty specifically enjoined upon him by law, or where the proceedings

were brought or taken in the course of which the matter sought to be restrained originated, or where the material events otherwise took place, or where the principal office of the respondent is located." We reject the petitioner's contention—with which the Supreme Court evidently agreed—that his chosen venue is proper because his Kings County crime and sentence were "material events" leading to the subject parole determination, within the meaning of CPLR 506 (b). To the contrary, the relevant material event was the decision-making process leading to the determination under review (*see New York Republican State Comm. v New York State Commn. on Govt. Integrity*, 138 AD2d 884 [1988]; *see also Matter of Howard v New York State Bd. of Parole*, 5 AD3d 271 [2004]).

Here, the subject determination was affirmed on administrative appeal in Albany County, which is also the county in which the respondent has his principal office. Accordingly, the cross motion should have been granted and the proceeding transferred to Albany County.

The petitioner's remaining contentions are without merit. Miller, J.P., Rivera, Skelos and Lunn, JJ., concur.