Matter of Rozenberg v Shea (2021 NY Slip Op 06783)





Matter of Rozenberg v Shea


2021 NY Slip Op 06783


Decided on December 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 02, 2021

Before: Gische, J.P., Kapnick, Kern, Gesmer, Kennedy, JJ. 


Index No. 29135/20 Appeal No. 14761 Case No. 2021-01443 

[*1]In the Matter of Kenneth Rozenberg, Petitioner-Appellant,
v
Dermot Shea, in His Official Capacity as Police Commissioner and All Successors Therein, et al., Respondents-Respondents.


The Bellantoni Law Firm, PLLC, Scarsdale (Amy L. Bellantoni of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for respondents.



Judgment, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered March 23, 2021, granting respondents' motion to transfer venue to New York County of this proceeding brought pursuant to CPLR article 78 challenging respondents' determination dated April 21, 2020, which denied petitioner's application to renew a limited business concealed carry handgun license, unanimously affirmed, without costs.
Petitioner does not contest that respondents made the determination denying his renewal application for a business concealed carry firearm license in New York County, where their "principal office" is located (CPLR 506[b]). Instead, he argues that his choice of venue was proper because the "material events otherwise took place" in Bronx County, where his company has its principal place of business (CPLR 506[b]; see CPLR 510[1], 7804[b]). We disagree.
"[T]he 'material events' leading to the subject . . . determination" consisted of "'the decision-making process leading to the determination under review'" (Matter of Phillips v Dennison, 41 AD3d 17, 23 [1st Dept 2007], lv dismissed 9 NY3d 956 [2007], quoting Matter of Vigilante v Dennison, 36 AD3d 620, 622 [2d Dept 2007]; see New York Republican State Comm. v New York State Commn. on Govt. Integrity, 138 AD2d 884, 885 [3d Dept 1988], lv denied 72 NY2d 803 [1988]). Respondents demonstrated that the decision-making process here took place entirely at their principal office in New York County. Petitioner fails to identify any acts he performed that "gave rise to" the determination, or any enforcement actions arising from regulatory violations, for which material events necessary to the determination occurred in Bronx County (compare Matter of Brothers of Mercy Nursing & Rehabilitation Ctr. v DeBuono, 237 AD2d 907, 907-908 [4th Dept 1997]; Matter of Lacqua v O'Connell, 280 App Div 31, 32 [1st Dept 1952]).
We have considered petitioner's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2021