## Matter of Jankowitz v New York State Off. of Temporary Disability Assistance

2024 NY Slip Op 31077(U)

March 29, 2024

Supreme Court, New York County

Docket Number: Index No. 451904/2023

Judge: John J. Kelley

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. JOHN J. KELLEY                          PART                    56M

                              *Justice*

------------------------------------------------------------------------X

In the Matter of                                          INDEX NO.          451904/2023

MICHAEL JANKOWITZ                                         MOTION DATE        11/08/2023

                              Petitioner,                 MOTION SEQ. NO.         001

                    - v -

NEW YORK STATE OFFICE OF TEMPORARY DISABILITY
ASSISTANCE,                                               **DECISION + ORDER ON
                                                          MOTION**

                              Respondent.

------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58

were read on this motion to/for      ARTICLE 78 (BODY OR OFFICER)/X-MOTION TO
                                     DISMISS OR TRANSFER VENUE                    .

          This is a proceeding pursuant to CPLR article 78, pursuant to which the petitioner seeks

judicial review of a September 13, 2022 determination and two March 14, 2023 New York State

Office of Temporary and Disability Assistance (OTDA) determinations, referable to Emergency

Rental Assistance Program (ERAP) application numbers 1Y1E5 and EVK15.  Those

determinations denied his administrative appeals from two respective June 10, 2022 and

January 30, 2023 initial determinations, which denied his applications for payment of rent under

the COVID-19 ERAP on the grounds that (a) it overpaid the petitioner in connection with ERAP,

inasmuch as the ERAP payment that it had previously issued to the petitioner's landlord

"included months for which required arrears documentation was not provided" and (b) because

the ERAP program "does not allow an applicant to appeal the same issue more than once."

The OTDA cross-moves pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition as time-

barred (CPLR 3211[a][5]) or, in the alternative, pursuant to CPLR 506(b), 510(1), and 511(b) to

transfer venue of this proceeding from New York County to Albany County.  The petitioner

**451904/2023   JANKOWITZ, MICHAEL vs. NEW YORK STATE OFFICE OF TEMPORARY**                    **Page 1 of 6**
**DISABILITY ASSISTANCE**
**Motion No.  001**

[* 1]

opposes the cross motion. The cross motion is granted to the extent that the proceeding is transferred to the Supreme Court, Albany County, and the cross motion is otherwise denied. The court expresses no opinion on the issue of whether the proceeding is time-barred.

CPLR 510(1) provides that one ground for a change of venue is that "the county designated for that purpose is not a proper county." Pursuant to CPLR 511(b), where a defendant or respondent contends that the venue designated by the plaintiff or petitioner is improper,

> "The defendant shall serve a written demand that the action be tried in a county he specifies as proper. Thereafter the defendant may move to change the place of trial within fifteen days after service of the demand, unless within five days after such service plaintiff serves a written consent to change the place of trial to that specified by the defendant. Defendant may notice such motion to be heard as if the action were pending in the county he specified, unless plaintiff within five days after service of the demand serves an affidavit showing either that the county specified by the defendant is not proper or that the county designated by him is proper."

The written demand to change the place of trial on the ground of improper venue, as described in CPLR 511(b), "shall be served with the answer or before the answer is served" (CPLR 511[a]). Here, the OTDA served its written demand to change the place of trial on the ground of improper venue before it served an answer. The service of the demand was thus timely. The OTDA made the instant cross motion to change venue only one day after it served its demand to change venue, and thus within the 15 day-period required by CPLR 511(b). Hence, the cross motion also is timely.

The petitioner submitted his on-line application for ERAP benefits to the OTDA from his home in Queens County, located at 66-20 Wetherole Street, Apartment 6E, Rego Park, New York, but he contends that all transactions relevant to his ERAP applications were carried out by the OTDA's New York County-based contractor, Guidehouse, Inc. Nonetheless, as OTDA's Department of Audit & Quality Improvement Systems Auditor Kyla Marsh explained, the OTDA Commissioner maintains an office in Albany, all of the OTDA officials and staff responsible for implementing, administering, and overseeing the ERAP are located in Albany, and eligibility

**451904/2023  JANKOWITZ, MICHAEL vs. NEW YORK STATE OFFICE OF TEMPORARY DISABILITY ASSISTANCE**
**Motion No.  001**

Page 2 of 6

determinations and appeal determinations, such as the ones at issue here, are made pursuant to the eligibility rules established by OTDA and are attributable to and finalized by OTDA's ERAP staff in Albany. Specifically, she averred that,

> "Eligibility determinations and appeal determinations are made pursuant to the eligibility rules established by OTDA and are attributable to OTDA's ERAP staff in Albany, New York, and the OTDA Commissioner.
>
> "The 6/10/2022 Initial Determination of Application No. EVK15 and 9/13/2022 Appeal Determination of Application No. EVK15 were made in Albany County.
>
> "The 1/30/2023 Initial Determination of Application No. 1Y1E5 and 3/14/2023 Appeal Determination of Application No. EVK15 were made in Albany County."

A CPLR article 78 proceeding "shall be brought in the supreme court in the county specified in subdivision (b) of [CPLR] section 506 except as that subdivision otherwise provides" (CPLR 7804[b]). CPLR 506(b) provides that:

> "A proceeding against a body or officer shall be commenced in any county within the judicial district where the respondent made the determination complained of or refused to perform the duty specifically enjoined upon him by law, or where the proceedings were brought or taken in the course of which the matter sought to be restrained originated, or where the material events otherwise took place, or where the principal office of the respondent is located."

The "'material events' leading to the subject . . . determination . . . consisted of the *decision-making process* leading to the determination under review" (*Matter of Rozenberg v Shea*, 200 AD3d 438, 438 [1st Dept 2021], quoting *Matter of Phillips v Dennison*, 41 AD3d 17, 23 [1st Dept 2007] [emphasis added]). In *Phillips*, the petitioner sought judicial review of a Parole Board determination. As the Appellate Division, First Department, explained in that proceeding, "venue for a proceeding such as this is properly placed in the county where the parole hearing was held and the challenged determination made, or where the [Parole] Board's principal office is located," since the material events "were not the crime and sentence" (*Matter of Phillips v Dennison*, 41 AD3d at 23, quoting *Matter of Vigilante v Dennison*, 36 AD3d 620, 622 [2d Dept 2007]; *see Matter of Grochulski v Dennison*, 40 AD3d 413, 413 [1st Dept 2007]; *Matter of Ramirez v Dennison*, 39 AD3d 310 [1st Dept 2007]; *cf. Matter of Howard v New York State Bd.*

**451904/2023 JANKOWITZ, MICHAEL vs. NEW YORK STATE OFFICE OF TEMPORARY DISABILITY ASSISTANCE**
**Motion No. 001**

Page 3 of 6

3 of 6

*of Parole*, 5 AD3d 271 [1st Dept 2004] [articulating general rule, but denying motion to transfer venue because respondent failed timely to serve demand pursuant to CPLR 511]).

The term "material events" does not encompass the location of the petitioner's apartment building that is the subject of the agency determination that the petitioner challenges here. Nor does it encompass actions taken by OTDA's clerical and filing agent, Guidehouse, Inc. (*see Matter of Markey v Tietz*, Index No. 151074/2023 [Sup Ct, N.Y. County, Sep. 9, 2023] [rejecting the same argument made by petitioner here, and transferring proceeding to Albany County]). Rather, the material events in the context of such a determination are limited to the OTDA office to which the administrative application was made, and the place where discretionary deliberations and determinations concerning that application were conducted and concluded (*see Matter of Bernstein v Tietz*, 2023 NY Slip Op 31361[U], 2023 NY Misc LEXIS 2016 [Sup Ct, N.Y. County, Apr. 25, 2023] [Kelley, J.] [applying rule to OTDA's ERAP determinations]; *Matter of Levitt v Tietz*, Index No. 810366/2022 [Sup Ct, Bronx County, Jan. 6, 2023] [same]; *Matter of Donofrio v City of New York,* 2019 Misc LEXIS 8731, *4 [Sup Ct, N.Y. County, Nov. 27, 2019 [Kelley, J.] [applying rule to a judicial challenge to an agency determination under the Freedom of Information Law]; *Matter New York Racing Assoc. v State of N.Y. Div. of Budget*, 2009 NY Slip Op 31605[U], 2009 NY Misc LEXIS 4000 [Sup Ct, N.Y. County, Jul. 13, 2009] [same]; *see also Matter of Rozenberg v Shea*, 200 AD3d at 438 [pistol licensing determination]; *Matter of New York Republican State Comm. v New York State Comm. on Government Integrity*, 138 AD2d 884, 885 [3d Dept 1988] [proceeding to quash nonjudicial subpoena issued by a State agency]).

It is undisputed that the OTDA maintains its principal office in Albany County, and that it undertook its deliberations and made its determinations in Albany County. The only connection that this dispute has with New York County is that Guidehouse, Inc., which simply acted as a ministerial filing and processing agent for the OTDA, was located in New York County. Its clerical activities did not constitute "material events," as that term is employed in CPLR 506(b)

**451904/2023 JANKOWITZ, MICHAEL vs. NEW YORK STATE OFFICE OF TEMPORARY DISABILITY ASSISTANCE**
**Motion No. 001**

**Page 4 of 6**

4 of 6

[* 4]

(see *Matter of Markey v Tietz*, Index No. 151074/2023 [Sup Ct, N.Y. County, Sep. 9, 2023]). Hence, Albany County is the proper county in which venue must be laid.

In light of the foregoing, it is,

ORDERED that the motion of the respondent New York State Office of Temporary and Disability Assistance is granted to the extent that venue of this proceeding is transferred from New York County to Albany County, the cross motion is otherwise denied, and the matter is transferred to the Supreme Court, Albany County, for consideration and disposition of the remainder of the cross motion and, if warranted, the petition; and it is further,

ORDERED that within 30 days after the entry of this order, the respondent New York State Office of Temporary and Disability Assistance shall file an EF-22 form containing the statement required by CPLR 8019(c), and shall also serve it upon the New York County Clerk, as Clerk of the Supreme Court, New York County, along with a copy of this order and notice of entry of this order, which shall be effectuated in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases, accessible at the "E-Filing" page on the court's website at https://www.nycourts.gov/LegacyPDFS/ courts/ 1jd/supctmanh/Efil-protocol.pdf (nycourts.gov), and, to comply with those procedures, the respondent shall (1) upload the decision and order to the NYSCEF system under document title "SERVICE ON SUPREME COURT CLERK (GENL CLERK) W/COPY OF ORDER" *AND* (2) separately file and upload the notice required by CPLR 8019(c) in a completed Form EF-22, along with a copy of the decision and order, with notice of entry, under document title "NOTICE TO COUNTY CLERK CPLR 8019(C)," and the County Clerk and all appropriate court support offices shall thereupon make proper entries the court records accordingly; and it is further,

ORDERED that within 30 days after the entry of this order, the respondent New York State Office of Temporary and Disability Assistance shall also serve a copy of this order and notice of entry of this order upon the Albany County Clerk, as Clerk of the Supreme Court, Albany County; and it is further,

**451904/2023   JANKOWITZ, MICHAEL vs. NEW YORK STATE OFFICE OF TEMPORARY DISABILITY ASSISTANCE**
**Motion No.  001**

**Page 5 of 6**

5 of 6

ORDERED that upon service upon him of the EF-22 form containing the statement required by CPLR 8019(c), and a copy of this order with notice of entry, the New York County Clerk, as Clerk of the Supreme Court, New York County, is directed to deliver to the Albany County Clerk, as Clerk of the Supreme Court, Albany County, all papers filed in the proceeding entitled *Matter of Michael Jankowitz v New York State Office of Temporary and Disability Assistance* under New York County Index No. 451904/2023, and certified copies of all minutes and entries.

This constitutes the Decision and Order of the court.

_____
3/29/2024
**DATE**

_____
**JOHN J. KELLEY, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**451904/2023   JANKOWITZ, MICHAEL vs. NEW YORK STATE OFFICE OF TEMPORARY DISABILITY ASSISTANCE**
**Motion No.  001**

Page 6 of 6

6 of 6

[* 6]